<hr/>

## PATRICK McCARTHY'S CASE.

Suffolk. March 15, 1917. — April 6, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

Under St. 1911, c. 751, Part II, § 22, as amended by St. 1914, c. 708, § 8, the Industrial Accident Board has power to authorize the redemption of the liability of the insurer under the workmen's compensation act for compensation to an injured employee by the payment of a lump sum, after a weekly payment has been continued for not less than six months, only "in unusual cases where the parties agree and the board deems it to be for the best interest of the employee or his dependents;" and when the board, after having made all the requisite findings, has authorized the payment of a lump sum, such payment is a full settlement for all compensation, general and specific, under the act, and both the insurer and the employee are bound by it.

Accordingly such a settlement by the payment of a lump sum under an agreement which stated, "Said payments are received in redemption of the liability for all weekly payments now or in the future due me . . . for all injuries received by me on or about the 22 day of December, 1913," was *held* to be a bar to a claim by the employee for compensation for loss of vision that had not been made at the time of the approval of the lump sum, even if blindness caused by the injury developed after the six months' period and was unknown at the time of the settlement.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, §§ 11, 16, as amended by St. 1912, c. 571, §§ 14, 15, from a decision

of the Industrial Accident Board that the previous approval by the board of an agreement to redeem liability by the payment of a lump sum under St. 1911, c. 751, Part II, § 22, as amended by St. 1914, c. 708, § 8, and the payment made under it terminated the rights of the employee, Patrick McCarthy, to compensation, and that the board had no authority, under the statute, to grant his application for a hearing before an arbitration committee upon alleged further rights arising from a loss of vision subsequent to the date on which the redemption agreement was approved.

The appeal was heard by *Wait*, J., who made a decree in accordance with the decision of the board; and the employee appealed.

St. 1911, c. 751, Part II, § 22, as amended by St. 1914, c. 708, § 8, is as follows: "Whenever any weekly payment has been continued for not less than six months, the liability therefor may, in unusual cases where the parties agree and the board deems it to be for the best interest of the employee or his dependents, be redeemed by the payment, in whole or in part, by the association of a lump sum which shall be fixed by the board, but in no case to exceed the amount provided by this act. The board may, however, in its discretion at any time in the case of a minor who has received permanently disabling injuries, either partial or total, provide that he be compensated in whole or in part by the payment of a lump sum, the amount of which shall be fixed by the board, but in no case to exceed the amount provided by this act."

*H. R. Brigham*, for the employee.

*W. H. Vincent*, for the insurer.

CARROLL, J. The employee was injured December 22, 1913. On April 1, 1915, the Industrial Accident Board affirmed an agreement of March 26, 1915, by which liability under the workmen's compensation act was redeemed by the payment of $500. A motion was made to set aside the settlement on the ground that McCarthy was insane at the time of its execution. In July, 1916, after a hearing, the board found "that the applicant has not sustained the burden of proving that the mental or other condition of the employee was impaired." No appeal was taken from this decision. The decision before us is under St. 1911, c. 751, Part III, § 16, as amended by St. 1912, c. 571, § 15. The employee contends that by reason of the accident the normal vision in both

eyes is reduced to less than one tenth; that at the time of the approval of the lump sum agreement, no claim had been made that the vision was so reduced; that he is now entitled to a hearing before an arbitration committee and the agreement is not a bar to his recovering the specific compensation provided for in the statute for loss of sight.

The board decided that the approval of the agreement to redeem liability by the payment of a lump sum terminated all the compensation rights of the claimant, and refused his request. It was shown from the records of the hospital of November 5, 1915, that the employee's vision in the right eye was five two hundredths and in the left eye six two hundredths; but it did not appear from these records that the loss of vision resulted because of the injury of December 22, 1913.

In an ordinary case the liability under the workmen's compensation act cannot be redeemed by a lump sum settlement. The Industrial Accident Board must be satisfied that the case is an unusual one before it can approve such a settlement. St. 1911, c. 751, Part II, § 22. St. 1914, c. 708, § 8. The workmen's compensation act was intended to compensate employees during the period of incapacity for labor, and in case of death, to help their dependents by the payment of a weekly sum during a stated period. Its purpose was not to compensate by the payment of a lump sum unless the case presented features which made it unusual; and this fact was to be found by the Industrial Accident Board. Weekly payments must have continued for six months and the agreement of settlement must be found to be for the best interests of the employee or his dependents. When these findings are once made the payment is in full settlement for all compensation, general and specific, under the act. Both parties are bound by it. The insurer cannot complain if the amount is thought to be too large, nor the employee, if too small.

Even if blindness developed after the six months' period, and it was caused by the injury and was unknown at the time of the settlement, the employee is nevertheless bound by the terms of his agreement, which state: "Said payments are received in redemption of the liability for all weekly payments now or in the future due me . . . for all injuries received by me on or about the 22 day of December 1913."

The decision in *Cripps's Case,* 216 Mass. 586, is not in conflict with what is here decided. In that case the employee of one Cogan was injured by a car of the Boston Elevated Railway Company and released that company from all claims and demands. On his death it was held that this fact did not bar the dependent widow from her rights under the workmen's compensation act against her husband's employer.

The result is, in the case at bar, the Industrial Accident Board was right in deciding that its approval of the agreement terminated all the compensation rights of the employee.

*Decree affirmed.*