### ALBERT OSBORNE'S CASE.

Suffolk.    October 20, 1926. — November 24, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Amount of compensation, Lump sum. *Minor.*

In proceedings under the workmen's compensation act, the Superior Court in accordance with a decision by the Industrial Accident Board entered a decree granting specific compensation to the claimant for loss of an eye, compensation for total disability for a period of two months, and compensation for partial disability for the period of about thirteen months.   Upon examination of the certified record on appeal by the insurer, it was *held,* that there was evidence warranting a finding of partial disability, after the period of total disability, for about six months, and no more; and the decree was reversed and the case recommitted to the Industrial Accident Board, the parties "to have the right to introduce evidence."

The provisions of G. L. c. 152, § 48, give no power either to the Industrial Accident Board or to the Superior Court to require, against the objection of the insurer, that compensation be paid in a lump sum to a claimant, who, although he was a minor when he was injured, became of age before the award was made.

CERTIFICATION to the Superior Court of the decision by the Industrial Accident Board described in the opinion, awarding compensation to the claimant by reason of personal injuries received while he was in the employ of General Seltzer Manufacturing Company.

Material facts appearing in the record are described in the opinion.   In the Superior Court, by order of *McLaughlin,* J., a decree was entered in accordance with the decision of the Industrial Accident Board.   The insurer appealed.

The case was submitted on briefs.

*H. S. Avery & J. R. Fuller,* for the insurer.

*J. D. Smith,* for the employee.

CARROLL, J.   In this proceeding under the workman's compensation act it was not questioned that the employee, who was injured on March 5, 1924, was entitled to specific compensation for the loss of vision of his eye and total

disability compensation to May 9, 1924. It was found that from May 9, 1924, to June 1, 1925, his earning capacity was lessened, and during this period he was entitled to compensation for partial disability; that from June 1, 1925, he was also entitled to partial disability compensation for a period of two hundred and fifty weeks. He was awarded the lump sum of $2,016.66.

The hearing before the single member took place on November 11, 1924. The employee testified that on September 22, 1924, he became a student at the Wentworth Institute, taking a course in plumbing, with the intention of becoming a foreman or superintendent; that he expected to go to this school for three years; that his employer had offered to give him work at his former employment but he did not accept it because afraid he would lose the other eye; that he had planned to go to the Wentworth Institute "in the fall whether the accident had occurred or not." He stated that he suffered from headaches "three or four days per week, some times two weeks." The impartial physician selected by the department reported on June 2, 1924, "I do not think that Albert Osborne is incapacitated for work any more now than he will be in the future. His eye is white and quiet, and should not give him any more trouble if he is using it or if he is not." On this evidence it could have been found that the employee was partially incapacitated to November 11, 1924, the date of the hearing. The evidence to support such a finding is very slight, but we cannot say that as matter of law there was no evidence to warrant it.

There was, however, nothing in the evidence to show that this partial incapacity to labor will continue. It does not clearly appear that the headaches complained of were permanent or that they resulted from the injury. We have to decide this case on the record. It discloses no evidence to support the decision that partial incapacity will extend for a period of two hundred and fifty weeks. The employee was not obliged to return to his former employment. But notwithstanding the loss of his eye, it does not appear that his impaired earning capacity was

to continue, much less that it would continue for a period of two hundred and fifty weeks.

The employee was injured on March 5, 1924. On August 15, 1924, he was of full age. The award was made in January, 1925. The insurer contends that the department of industrial accidents had no authority to award a lump sum settlement without the consent of the insurer, although the employee was a minor at the time of the injury. G. L. c. 152, § 48, directs: "Whenever any weekly payment has been continued for not less than six months, the liability thereof may, in unusual cases where the parties agree and the department deems it to be for the best interests of the employee or his dependents, be redeemed by the payment . . . of a lump sum" and "in case of a minor who has received permanently disabling injuries, either partial or total," they may "be compensated in whole or in part by the payment of a lump sum."

When an employee is of full age the department can award a lump sum payment only in unusual cases where the parties agree. The employee and the insurer have the right to determine by contract the disposition to be made of the compensation claim, subject to the approval of the department, and the board cannot compel one of the parties without his consent to accept such a lump sum payment. "In case of a minor," the department may award such a lump sum settlement without the consent of the parties, but this right continues only during the minority of the injured person. When he reaches his majority, he is then able to contract, and the power of the department to oblige him to accept such a compensation, without his assent and the assent of the insurer, no longer exists. The fact that the employee was a minor when injured is not important. He was then unable to contract, and the department had the authority to require the payment and acceptance of a lump sum payment if the terms of the statute were complied with. As he was of age when the department made the award, it was without authority to redeem the compensation by the lump sum payment. See *Jakutis's Case*, 238 Mass. 308. It

follows that the decree ordering the insurer to pay the employee $2,016.66 was wrong.

The decree is reversed, the case to be recommitted to the Industrial Accident Board, the parties to have the right to introduce evidence.

*So ordered.*