JOSEPH JOOS'S CASE.

Suffolk.   May 16, 17, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Procedure: minor, lump sum decree. *Minor.*

While, under G. L. c. 152, § 48, the Industrial Accident Board at any time may award a lump sum as compensation to a minor employee who has received injuries arising out of and in the course of his employment by one insured under the provisions of the workmen's compensation act, and may do so without consent of the minor, the board has no jurisdiction, power or authority to make such an award without a notice to the parties interested and an opportunity given to them to offer their reasons for or against the making of such payment.

Where, from the record before this court in a proceeding under the provisions of the workmen's compensation act, it appears that the claimant testified before a single member of the board and stated that he. was nineteen years of age and that there was no other evidence of his age at the hearing, and the single member makes no finding as to his age, a finding by the board on review, by reason of which it awarded a lump sum payment to him as a minor, that he was of that age, discloses no error.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board respecting a claim for compensation by Joseph Joos for injuries received while employed by Sterling Fibre Company.

The certified record disclosed that the claimant's injury was received on September 2, 1926. All the evidence before the single member of the Industrial Accident Board was summarily stated. The claimant testified before the single member. The only evidence of his age other than his appearance was his statement at that hearing that he was nineteen years of age on November 18, 1926.

Findings by the single member were as follows:

"I find that the injury which this claimant received on August 9, 1926, was received in the course of and arose out of his employment. The defense made by the insurer that the employee was doing something out of the course of his duty and that he had so far departed from what he ought to have been doing that he could not be said to be in the course of his employment or that he was guilty of such serious and wilful misconduct as to deprive him of his compensation rights has not been substantiated.

"As the young man has lost his left hand as a result of the injury he is entitled to specific compensation for fifty weeks at the rate of $10 a week, his wage having been $20.

"He has been since the date of his injury and still is incapacitated as a result of his injury.

"I do not find upon the evidence warrant for awarding compensation upon the basis of any amount additional to the $20 a week which he was earning at the time of his injury. While he appears to have been a young man who was going ahead, this is not sufficient to make the re-

adjustment provided for in § 51 of the act. Applying the reasoning and the rules laid down in *Gagnon's Case*, 228 Mass. 334, on the proper interpretation and application of this section of the law, I feel bound to reach the conclusion stated, *viz.:* that the average weekly wage for the purposes of compensation in the future as well as at present is $20.

"There is due him under these findings to the date of the hearing twenty-two and one-seventh weeks compensation at $10 a week and for a similar period at $13.33 a week, amounting to $516.59.

"Compensation is to continue following the date of the hearing in accordance with the provisions of the statute."

The record included a document entitled "Findings and Decision of the Industrial Accident Board," which was signed by two members only of the board (see G. L. c. 24, § 3) and purported to affirm and adopt the findings and decision of the single member; and a statement by a third member as follows: "I concur in the result reached by the reviewing board in this case but I disagree with that part of the decision of the single member which holds that the insurer has not substantiated its 'defence' that the employee at the time of his injury had departed from the scope of his employment. I believe that the burden is upon the employee to show that at the time of his injury he was acting within the scope of his employment."

There then followed a document entitled "Award of Lump Sum to Minor under G. L. c. 152, § 48," which read as follows:

"The Industrial Accident Board, upon the attached record, find that this employee is a minor, born November 18, 1907, who has sustained a permanently disabling injury by reason of the loss of his left hand and forearm as a result of the injury received by him in the course of and arising out of his employment on August 9, 1926.

"The Board, as provided by G. L. c. 152, § 48, award the employee a lump sum settlement of $2,182.57 as of October 29, 1928, computed on the following basis:

"The employee has received in addition to specific compensation, total incapacity compensation at the rate of

$13.33 for a period of one hundred and sixteen weeks, amounting to $1,546.28.

"The Board find that, dating from October 29, 1928, the employee has an earning capacity in the labor market of $10 a week.

"The Board find that at the end of five hundred weeks from the time of his injury the employee will be able to earn an average weekly wage of $20, his earning capacity and average weekly wages before his injury.

"The Board find that the present value of $1 paid now for the balance of a period of three hundred and eighty-four weeks, at four and one-half per cent interest is $327.714.

"The Board find that the present value of a weekly payment of $6.67, for the above period is $2,182.57.

"The Board, therefore, make this the basis of the lump sum award and order the insurer to pay the employee this sum as of October 29, 1928, the insurer having the right to deduct therefrom any weekly payments made to the employee subsequent to October 29, 1928."

In the Superior Court, the case was heard by *Bishop*, J., by whose order a final decree was entered "that the said Joseph Joos is a minor, born November 18, 1907, who has sustained a permanently disabling injury as a result of an injury received by him in the course of and arising out of his employment by the Sterling Fibre Company on August 9, 1926, for which a lump sum settlement of $2,182.57 is due as of October 29, 1928, which sum, less any weekly payments made to the employee subsequent to October 29, 1928, should be paid to the employee by the insurer with interest thereon at the rate of six per cent from said October 29, 1928."

The insurer appealed.

*H. V. Cunningham & H. W. Babb* for the insurer.

*S. Markell*, for the claimant.

CARROLL, J.  The employee, on August 9, 1926, "lost his left forearm and left hand by reason of his left hand being caught" in a machine on which he was working.  He was awarded specific compensation for the loss of his hand and also additional compensation for his diminished capacity to

labor.   On November 3, 1928, the Industrial Accident Board found that the employee was a minor, born November 18, 1907; that he had an earning capacity in the labor market of $10 a week; and awarded him a lump sum settlement of $2,182.57.   The insurer appealed.

There is nothing in the record to show that the insurer had notice of the proceedings at which the lump sum award was made, or that it had an opportunity to be heard.   The statute (G. L. c. 152, § 48) provides that when weekly payments have been continued for not less than six months, in unusual cases where the parties agree and the department considers it for the best interests of the employee or his dependents, it may award a lump sum.   In the case of a minor the department may at any time direct that he be compensated by a lump sum payment.   See *Osborne's Case*, 257 Mass. 532.   When the board passed the order for the lump sum payment the employee was a minor and under the statute the board could act without his consent; but it could not act without a hearing and notice to the parties interested.   The employee and the insurer had the right to be heard and the board could not proceed under this section of the statute without giving to all parties a full opportunity to be present and to offer their reasons for or against the making of the lump sum payment.   The allowance of such payment involves careful consideration; it should be allowed only when all the circumstances have been examined and it is considered for the best interests of the employee.   *McCarthy's Case*, 226 Mass. 444.

There was no error in finding that the employee was a minor at the time the award was made; there was evidence to support this finding.   The testimony of the employee was competent to show his age.   *Commonwealth* v. *Hollis*, 170 Mass. 433, 435.   See *Osborne's Case, supra*.   The board was justified in its findings that the employee sustained a permanently disabling injury and that his earning capacity was $10 a week.   *Jameson's Case*, 254 Mass. 371.   *O'Reilly's Case*, 265 Mass. 456.

For the reason that the record does not show that the parties interested had an opportunity to appear and be heard

at the hearing when the lump sum award was made, the decree is to be reversed and the case recommitted to the Industrial Accident Board.

*So ordered.*