Hillsborough, }
July 1, 1953. }   No. 4202.

IRMA KING

*v.*

SAMUEL KNIZNICK d/b/a IMPERIAL DYE HOUSE COMPANY *& a.*

*John J. Broderick* and *Maurice A. Broderick* (*Mr. Maurice A. Broderick* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

KENISON, C. J. An important question in the administration of the Workmen's Compensation Law, not heretofore decided in this state, is whether a lump sum settlement under Laws 1947, c. 266, s. 31, is subject to modification. That section reads as follows: "31. LUMP SUM PAYMENTS. Lump sum settlements may be permitted at the discretion of the commissioner of labor when it appears to the best interests of all concerned." Lump sum settlements under this section were first considered in *Bolduc* v. *Company*, 96 N. H. 235, 239. It was there said: "These are settlements where both parties are in agreement and the Commissioner in the exercise of his discretion permits them . . . . Consequently neither the Commissioner nor the Superior Court has authority to make lump sum awards. However, the Commissioner has the authority to permit in his discretion lump sum settlements." Although there have been several amendments to the Law there have been none which permit the Superior Court to approve lump sum settlements. Since the statute places the allowance of lump sum settlements solely in the discretion of the Labor Commissioner, no significance or validity is attached to the docket marking filed in the Superior Court for the purpose of deciding the petition for modification. *Miller* v. *Schlereth*, 151 Neb. 33; Horovitz, Workmen's Compensation, 379. The rights of the plaintiff and the defendant are controlled by the Workmen's Compensation Law and the lump sum settlement agreement that they entered into with the approval of the Labor Commissioner.

In addition to lump sum settlements there are two other methods of determining compensation. Section 34 provides that the parties may agree on the compensation with the approval of the Labor Commissioner "subject to modification as provided in section 38." *Diamond* v. *Employers' &c. Company*, 97 N. H. 510. Section 35,

as amended by Laws 1949, *c.* 277, *s.* 1, provides that if the compensation is not fixed by agreement, "either party may petition for hearing in the premises either to the commissioner of labor or to the superior court." Awards made by the Labor Commissioner or the court are likewise subject to modification under section 38 if application is made "not later than one year after the date of the last payment fixed by the award . . . ." *Zeady* v. *Company,* 96 N. H. 328; *Carbonneau* v. *Company,* 96 N. H. 240, 244. Section 38, as amended by Laws 1949, *c.* 277, *s.* 4, reads as follows: "MODIFICATION; EFFECT. Upon application of any party in interest upon the ground of change in the conditions, mistake as to nature or extent of injury or disability, fraud, undue influence or coercion, the commissioner of labor or the Superior Court, whichever made the original award, may, not later than one year after the date of the last payment fixed by the award, review said award, and upon such review, may make an order ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter and shall state its conclusions of fact and rulings of law. Such a review shall not affect such award as regards any money already paid. All procedure on such an application shall be the same as herein provided for original hearings."

It is clear that section 38 allows modification of both agreements and awards under sections 34 or 35 by the Commissioner of Labor or the Superior Court. *Cf.* 2 Larson, Workmen's Compensation (1952), *s.* 81.00, note 49. It is significant that section 38 does not mention lump sum settlements or lump sum payments and the decision in *Bolduc* v. *Company,* 96 N. H. 235, indicates that the Legislature intended to treat them differently from agreements and awards. Nor is there any provision in our law which prohibits compromises based on disputed compensability such as exist in some jurisdictions. 2 Larson, Workmen's Compensation, *s.* 82.43. If the Legislature did not give the court the power to allow lump sum settlements in the first instance, it is doubtful that it intended to give the court power to increase or decrease them after they had been approved by the Labor Commissioner. Statutes having some similarity to ours allow modification of awards for weekly compensation but " . . . a lump sum settlement, when made without error of law, cannot be set aside by an insurer who thinks it excessive or by an employee who believes it too low." *Paltsios's Case* (Mass.), 109 N. E. (2d) 163, 165; see also, 9 NACCA Law Journal

113. We therefore conclude that a lump sum settlement under section 31 is not subject to modification for the reasons stated in section 38 when made without error of law.

In the present case the attorneys for the company and the employee were dealing at arm's length and both understood they were entering into a lump sum settlement. The Court has found, and the record supports the finding, "that no fraud, undue influence or coercion was practiced by the defendant on the petitioner at any time." Therefore there is no occasion to consider under what circumstances an agreement for a lump sum settlement may be set aside on equitable grounds. *Cf. Bee* v. *Chicopee Mfg. Corp.,* 94 N. H. 478.

As bearing on the future administration of the Workmen's Compensation Law it may be noted that the discretion given the Commissioner of Labor involves more than paper approval. Since lump sum settlements may be the exception rather than the rule (*Bolduc* v. *Company, supra,* 239), the Commissioner's discretion would ordinarily be exercised at a conference or hearing at which time the parties would be able to state the reasons for and against making a lump sum settlement. This would appear to be the most practical way to comply with the statute which requires that the settlement be in "the best interests of all concerned" as provided in section 31 of the Workmen's Compensation Law. This matter was discussed in *Joos's Case,* 267 Mass. 322, 326, as follows: "The employee and the insurer had the right to be heard and the board could not proceed under this section of the statute without giving to all parties a full opportunity to be present and to offer their reasons for or against the making of the lump sum payment. The allowance of such payment involves careful consideration; it should be allowed only when all the circumstances have been examined and it is considered for the best interests of the employee. *McCarthy's Case,* 226 Mass. 444." While there is nothing in the present case to indicate that the discretion of the Labor Commissioner was not properly exercised and fully understood by the parties, attention is called to a typographical error in form No. 24WC Request for Lump Sum or Compromise Settlement. In the lower part of this form appears the following statement: "A lump sum settlement of a case if a Final Settlement." It is obvious that the word "if" in the quoted portion should be "is," and it would seem desirable that a change in the form should be made to avoid any misunderstanding in future compensation cases.

It has been argued that the Labor Commissioner has exceeded his authority in the regulations and forms which he has prepared in the administration of the law. Section 39 of the Law gives the Commissioner broad authority to make rules and provide blank forms to promote the administration of the Workmen's Compensation Law. This section provides that he shall do it in a manner "as summary and simple as reasonably may be." Subject to the change already suggested in form No. 24WC we think that the Labor Commissioner has complied with the provisions of this section.

In view of the construction placed on section 31 relating to lump sum settlements which was foreshadowed in *Diamond* v. *Employers' &c. Company,* 97 N. H. 510, 513, it is unnecessary to consider the findings of the Trial Court relative to the disputed medical testimony in the case.

*Exceptions overruled.*

All concurred.