GERARD DUPERE *vs.* AUGUSTE BRASSARD *et al.*
GERARD DUPERE *vs.* AUGUSTE BRASSARD *et al.*
GERARD DUPERE *vs.* AUGUSTE BRASSARD *et al.*

MARCH 19, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

CONDON, C. J. These petitions were heard together by the workmen's compensation commission. From a decree of the full commission denying and dismissing each petition the petitioner has appealed to this court.

The first petition, Equity No. 2624, is for specific compensation for the loss of petitioner's left leg below the knee, and the second, Equity No. 2625, is a petition for compensation for an alleged new injury. The third, Equity No. 2626, is a petition to review a commutation decree of the superior court discharging respondents from all further liability on account of the original injury. The respondents filed an answer to each petition in which they denied the

allegations therein and raised the further defense that each petition was barred by the commutation decree of the superior court.

The petitioner was injured on October 15, 1951. He received compensation therefor at the rate of $28 a week until April 24, 1953 in accordance with the terms of a preliminary agreement which was entered into by the parties on October 25, 1951. Such agreement described his injury as "burns—hands and feet." In 1953 petitioner filed a petition for commutation of probable future payments to a lump sum. After a hearing in the superior court the petition was granted and a decree was entered on April 24, 1953 awarding petitioner the sum of $3,200. Upon receiving payment thereof petitioner, in accordance with general laws 1938, chapter 300, article II, §25, gave respondents a general release.

Prior to the entry of the above decree petitioner had recovered a partial earning capacity and had been working part time for a number of months. After receiving commutation he continued working and required no medical attention until February 1955, when he first began to experience shooting pains in his left leg. Finally on March 30, 1955 he entered the hospital for treatment and was subsequently discharged. He returned there later and submitted to the amputation of the left leg below the knee. On July 8, 1955 he was again discharged.

Since that date, according to the testimony of his physician Dr. James Brooks Knight, he became partially disabled. The doctor further testified that petitioner was suffering from causalgia and that part of his leg was amputated to relieve such pain. He described the causalgia as "burning pain that occurs following trauma * * *." He also testified that the trauma was the electrical burn originally suffered by petitioner and the surgical operation he underwent to obtain relief therefrom.

On such evidence the trial commissioner found as a fact

that the amputation was not a new injury but was the "result or consequence or sequellae" of the injuries which petitioner suffered on October 15, 1951 while working as an ironworker for the respondent employer. Such finding was undisputed. The commissioner further found that petitioner was partially disabled from July 1, 1955, but nevertheless denied and dismissed his petitions on the ground that they were barred by the commutation decree of April 24, 1953.

The respondents contend that each petition was properly denied for that reason and that the denial of the petition Equity No. 2625 was proper for the additional reason that it was barred by the two-year period of limitation. However, on the view which we take of petitioner's reasons of appeal it will not be necessary to consider such contention.

The petitioner contends that the decree of the superior court commuting the payments provided in the preliminary agreement of October 25, 1951 was entered in excess of its jurisdiction and was therefore a nullity. In support of that contention he argues that on April 24, 1953 such court was without power to commute future payments for injuries then unknown to and not in contemplation of the parties. And he further argues that it was without power to commute future payments that might become due for specific injuries.

The workmen's compensation act, G. L. 1938, chap. 300, art. II, §25, provides in part: "Where the commutation is ordered the superior court shall fix the lump sum to be paid at an amount which will equal the total sum of the probable future payments, capitalized at their present value upon the basis of interest calculated at 5 per cent per annum with annual rests." Instead of following that formula the superior court entertained petitioner's petition which sought commutation in an arbitrary sum of $3,200. Apparently that amount had been previously agreed to by the parties as a reasonable lump sum in commutation of the

*probable* future payments of $28 a week as provided in the preliminary agreement.

The petitioner now contends that such proceeding which he initiated should be set aside as a nullity because the statute was not followed in determining the amount of the commutation. We are of the opinion that his objection comes too late. If the superior court erred in this matter, the correction of such error should have been sought by appeal as expressly provided in the workmen's compensation act. Not having availed himself of such remedy, petitioner cannot at this late date collaterally attack the validity of the superior court's decree in another original petition for compensation. In other words such decree is now res judicata. It is not open to the application of the principle we recently enunciated in *DiVona* v. *Haverhill Shoe Novelty Co.*, 85 R. I. 122, 127 A.2d 503, since the facts with reference to the judicial determination of the original petition are manifestly different. No commutation decree was involved in that case.

However, assuming that petitioner could properly have raised the question of the superior court's jurisdiction in the instant proceedings, we are nevertheless of the opinion that said court did not act in excess of its jurisdiction in approving the sum of $3,200 as the present value of the *probable* future weekly payments. The fallacy in the petitioner's contention is his assumption that such weekly payments would necessarily continue for the full period prescribed in the workmen's compensation act. That is not the basis on which the court is called upon, under the language of §25, to determine the lump sum. It must first determine the *probable* future payments. It may well be that $3,200 fully equaled what he deemed would be the *probable* future payments capitalized in accordance with the formula set out in the statute.

There is no merit in petitioner's other contentions, namely, that the superior court was without power to commute

compensation for unknown injuries or future payments due for specific injuries. Those contentions derive from petitioner's conception that he has a right to bring the petitions Equity No. 2624 and Equity No. 2626, notwithstanding the commutation decree of April 24, 1953. This is clearly a misconception. Such petitions stand in no better position than Equity No. 2625. They both seek to litigate matters causally connected with the injuries suffered by petitioner on October 15, 1951, *all* further liability of respondents for such injuries having been fully discharged by the commutation decree in accordance with the express language of G. L. 1938, chap. 300, art. II, §25. We need not examine authorities elsewhere for light on this question, since we deem our statute so explicit as to preclude the necessity or desirability of a discussion of such authorities here. We may observe, however, that *McCarthy's Case,* 226 Mass. 444, which is based on a provision of the Massachusetts statute that is similar to ours, although differently phrased, appears to be in point.

Upon consideration we are of the opinion that if circumstances such as have arisen in the instant cases call for an exception to the plain import of the language of §25 there is no lawful power in this court to provide it, and therefore the appeal for a remedy should be addressed elsewhere, namely, to the general assembly, the creator of the statute.

In each cause the petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and each cause is remanded to the workmen's compensation commission for further proceedings.

### On Motion for Reargument.

APRIL 11, 1958.

Per Curiam. After our decision in the above cases the petitioner asked and received permission to file a motion for reargument. Pursuant to this permission he has filed

such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the cases. We have carefully considered all those reasons and we are of the opinion that they are without merit.

Motion denied.

*Murphy, Morriss & McKenna,* for petitioner.

*Higgins, Cavanagh & Williamson, Joseph V. Cavanagh,* for respondents.