JOSEPH DECOSTA *vs.* ARTHUR W. DEVINE, *Director of Labor, As Administrator of the Second Injury Indemnity Fund.*

MAY 29, 1959.

PRESENT: Condon, C. J., Roberts and Powers, JJ.

ROBERTS, J. This is a petition for dependency benefits under the provisions of the workmen's compensation act, general laws 1956, §28-37-10. The case is before us on a motion filed by the attorney general for a stay in the operation of a decree entered by the full commission on January 14, 1959.

It appears from the record that on July 15, 1958 petitioner filed his petition with the director of labor who, acting under the provisions of the statute, referred it to the workmen's compensation commission. Thereafter the case was heard before a trial commissioner who on October 21, 1958 entered a decree ordering payments of such benefits to be made from June 15, 1958.

Both parties appealed from this decree to the full commission. After a hearing thereon the full commission entered a decree on January 14, 1959 in which it ordered such payments commencing July 16, 1956. The attorney general on January 15, 1959, acting under the authority conferred upon him by the provisions of G. L. 1956, §28-37-11, appealed from that decree to this court. Thereafter on January 26, 1959 he filed the instant motion to stay the effect of that decree.

We do not perceive that petitioner challenges the authority of this court to grant a stay of the decree of the workmen's compensation commission. In *Girard* v. *United States Rubber Co.*, 84 R. I. 230, referring to secs. 4 and 7 of article III of the act in its prior form, which provisions

are now contained in §§28-35-33 and 34 of the present act, we stated at page 233: "* * * and that the pertinent provisions of such sections do not purport to limit or challenge the authority of this court with regard to staying the effect of decrees of the commission." We further stated that in appropriate circumstances we would exercise our power to stay the effect of decrees of that commission. We are of the opinion that in the instant case there are such circumstances which would warrant us to issue the stay prayed for by the attorney general.

It is clear that in enacting §28-37-11 the legislature intended to confer upon the attorney general a peculiar right of appeal in the case of decrees involving payments from the second injury indemnity fund when, in his opinion, the fund was thereby threatened with unwarranted depletion. But such an appeal, standing alone, will not operate to prevent such a depletion of the fund, since its claiming does not serve to excuse compliance with the decree by the officer charged with making disbursements from the fund. In such circumstances the denial of a stay of the decree in question would have the effect of thwarting the obvious legislative intent, that is, that the attorney general be enabled to prevent a depletion of the fund through payments being made under a decree from which he has taken the appeal provided for in §28-37-11.

In this case there is a further circumstance which persuades us that the motion for a stay should be granted. It appears from the record that on September 24, 1958, while his petition was pending before a trial commissioner, the petitioner petitioned for and was granted a commutation of all probable future payments of compensation to a lump sum. There is, therefore, a substantial question raised as to the effect of that decree of commutation upon the right of the petitioner to receive thereafter any further benefits under the act, including the dependency benefits sought herein. See *Dupere* v. *Brassard*, 87 R. I. 205, 139 A.2d

879, wherein we held that a decree of commutation barred a petitioner from receiving specific compensation for the loss of a leg amputated as a consequence of the original injury.

The motion of the attorney general for a stay of the decree of January 14, 1959 is granted.

*John Quattrocchi, Jr.,* for petitioner.

*J. Joseph Nugent,* Attorney General, for respondent.