241 A.2d 818.

JAMES SARRASIN *vs.* THE CRESCENT CO., INC.

MAY 15, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. This is an employee's appeal from a final decree of the workmen's compensation commission, affirming the decree of a single commissioner denying and dismissing the employee's petition for specific compensation.

The salient facts are briefly these. On July 30, 1963, petitioner sustained a compensable injury while working for respondent. The nature and location of this injury was specified as "torn medial knee cartilage" as set forth in a preliminary agreement dated September 17, 1963. Pursuant to the terms of this agreement, petitioner received $40 weekly for total incapacity from August 1, 1963, until he returned to work, at which time he signed a suspension receipt. When this occurred is not apparent from the record, but in any event, three supplemental agreements for recurring peirods of total incapacity were signed and by a decree of the workmen's compensation commission entered

January 14, 1966, in W.C.C. No. 65-1260, incapacity was determined to be partial.

On the same day, namely January 14, 1966, pursuant to a petition filed January 11, 1966, and docketed W.C.C. No. 66-0053, a decree was entered discharging respondent and its carrier from all liability by reason of the injury of July 30, 1963.[1] Predicated on G. L. 1956, §28-33-25, this decree was entered pursuant to the commission's authorization of commutation of all future benefits in consideration of a lump sum payment of $2,100. Also on January 14, 1966, petitioner signed a general release running to respondent and its carrier.

Thereafter, October 13, 1966, some nine months after the entry of the commutation decree, petitioner filed the instant petition seeking specific compensation for loss of use of the injured leg, pursuant to the provisions of G. L. 1956, §28-33-19 (a), (b) and (m), as amended. A hearing was held thereon at which Dr. John B. Thayer, Jr. testified that petitioner had sustained a permanent loss of something less than 25 per cent of use. He further testified that this loss of use had become an end result on January 4, 1966. This was ten days prior to the entry of the commutation decree.

The respondent offered no evidence. Rather, it contended, as it did before us, that the petition for specific compensation was barred by the commutation decree, it being res judicata of all claims to benefits resulting from the July 30, 1963 injury and further that the instant petition, in effect, sought to review the commutation decree contrary to the commission's jurisdiction which, by virtue of G. L. 1956,

---

[1] "* * * it appearing to the satisfaction of the Workmen's Compensation Commission that all the provisions of the decree heretofore entered in this cause have been complied with by the respondents, it is hereby Ordered, Adjudged and Decreed that The Crescent Company, Inc. and The Aetna Casualty and Surety Company are discharged of all liability by reason of the injuries sustained by James Sarrasin, the petitioner in this cause, on July 30, 1963."

§28-35-61, as amended, is limited to six months from the entry of the decree sought to be reviewed. In the instant case this would be the commutation decree entered January 14, 1966, more than six months prior to the filing of the instant petition.

In the decrees entered pursuant to their respective decisions, the single commissioner denied and dismissed the instant petition on the grounds contended for by respondent, and the full commission affirmed.

This court in *Dupere* v. *Brassard,* 87 R. I. 205, 139 A.2d 879, decided in 1958, held that an unappealed commutation decree fully discharged all further liability of the employer as to the injury for which probable future benefits had been commuted. It was on the authority of *Dupere* that the full commission affirmed the decree of the single commissioner in the instant proceedings.

In support of his claim of appeal, petitioner assigned the usual reasons, namely, that the decree is against the law, against the evidence, and against the law and the evidence. All but one of his contentions advanced in support of his reasons of appeal were considered by this court and rejected in *Dupere, supra.* The sole contention neither advanced nor considered is that the general release executed by petitioner is in fact a waiver of his right to specific compensation and thus void, being in violation of G. L. 1956, §28-33-26. This section provides:

> "No agreement by an employee, except as provided in §§28-29-22 to 28-29-24, inclusive, to waive his rights to compensation under chapters 29 to 38, inclusive, of this title shall be valid."

We shall consider this contention *infra,* passing first, however, on his urging that *Dupere* be specifically overruled as being unsound law or, in the alternative, be held not applicable to the facts of the case at bar.

We have no hesitancy in declining to overrule *Dupere.* A full ten years have passed since this court in that case in-

terpreted the legislative will with regard to the commutation section, now §28-33-25.[2]

It reads now precisely as it did when, construing it in *Dupere* and addressing itself to contentions again advanced by the instant petitioner, this court observed at page 210, 139 A.2d at 882, "Upon consideration we are of the opinion that if circumstances such as have arisen in the instant cases call for an exception to the plain import of the language of §25 there is no lawful power in this court to provide it, and therefore the appeal for a remedy should be addressed elsewhere, namely, to the general assembly, the creator of the statute."

Neither are we persuaded that the salient factual difference should remove the instant case from the rule laid down in *Dupere*. In that case, the employee suffered amputation

---

[2]In case payments have continued for not less than six (6) months either party may, upon due notice to the other party, petition the workmen's compensation commission for an order commuting the future payments to a lump sum. In considering the petition a commissioner shall give due weight to the fact that it is the policy of this chapter that compensation be paid weekly. Such petition shall be considered by a member of the workmen's compensation commission and may be granted where it is shown to the satisfaction of the commission that the payment of a lump sum in lieu of future weekly payments will be for the best interest of the person or persons receiving or dependent upon such compensation, or that the person entitled to compensation has removed or is about to remove from or resides outside of the United States. Where the commutation is ordered, the workmen's compensation commission shall fix the lump sum to be paid at an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at five per cent (5%) per annum with annual rests. In all petitions for commutation the lump sum to be paid shall be mathematically computed by the workmen's compensation commission, and an order containing the computation shall be affixed to the decree. Upon the payment of such amount for the injury or death the employer shall be entitled to a duly executed release, upon filing which or other due proof of payment the liability of such employer under any agreement, award, findings or decree shall be discharged of record.

The provisions of this section shall be strictly construed and all hearings for commutation shall be conducted in open session.

of his left leg below the knee some two years after the entry of the commutation decree. Here, the permanent percentage loss of use allegedly occurred some ten days prior to the entry of a similar decree. As was observed by the court in *Dupere*, the lump sum settlement is arrived at, not on the theory that the injured employee would be entitled to the maximum benefits of the act, but rather on the commission's determination of the present value of the probable future weekly payments. It is for the injured employee at the time of a commutation hearing to make known to the commission every fact lending itself to a just determination of probable future payments. Where, as here, such employee may have reason to believe that weekly payments for specific compensation may also be in order in determining the present value of probable future payments, he cannot ignore them at the time of commutation and lay claim to them later.

This brings us to the somewhat related contention made by petitioner that the general release given in connection with the commutation decree is equivalent to a waiver of right to benefits and violative of §28-33-26. We find this contention more plausible than sound. An examination of the history of the two sections discloses that each was contained in the original workmen's compensation act and that neither has ever been materially amended. It cannot be supposed that the legislature, expressly calling in the commutation section for the giving of a general release, sought to nullify its significance by intending that it operate as a waiver; hence void. It has long been held that payment of a lump sum in discharge of all probable future payments can be authorized by the commission only when it finds that commutation is in the best interest of the employee. See *Lupoli* v. *Atlantic Tubing Co.*, 43 R. I. 299, 111 A. 766. No claim is made here, nor could one now be made, that the unappealed commutation decree of January 14, 1966,

was not in the best interest of petitioner. The determined best interest having been satisfied by respondent, it was entitled to the general release called for by the statute.

The employee's appeal is denied and dismissed, the decree appealed from affirmed, and the cause is remanded to the workmen's compensation commission.

*Abedon, Michaelson, Stanzler and Biener, Julius C. Michaelson, Richard A. Skolnik,* of counsel, for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* of counsel, for respondent.