Carroll
No. 81-423

## BRADBURY E. HUNTER, JR.

v.

## DELBERT HALEY, JR., & a.

September 10, 1982

*James R. Patten,* of North Conway (*William H. Meanix, Jr.,* on the brief), by brief for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.,* of Manchester (*Edward B. Mulligan, IV,* on the brief), by brief for the defendants Delbert Haley, Jr., and Fireman's Fund Insurance Companies.

BATCHELDER, J.   The following question of law was transferred by *Temple,* J.:

> "Does RSA 281:26 IV deny the superior court jurisdiction of an appeal of a labor commissioner's denial of a claim for a scheduled permanent impairment award on the basis not of competent medical evidence but of interpretation of a previous lump sum settlement agreement?"

The facts which raise this issue are briefly stated as follows. The plaintiff, while in the employ of the defendant, sustained job-related injuries in January 1975, August or September 1975 and in November 1975. The dispute concerning the compensability of the

various injuries was resolved by a lump-sum settlement dated May 5, 1977, duly approved by the commissioner of labor. An agreement for docket entry in the superior court in connection with the case was filed on May 11, 1977, and provided as follows:

"Judgment for the claimant, Bradbury Hunter, Jr., in accordance with the terms of the lump sum settlement attached to this docket marking. No costs, no interest, no further action for the same cause."

The docket agreement was signed by counsel for the defendant and counsel representing the plaintiff at the time. In 1981, the plaintiff claimed eligibility for further compensation and medical payments claiming that, since the lump-sum settlement, he had been employed working 25 to 40 hours a week operating a lawn service and boat-care enterprise in the summer and cutting wood in the winter. He claimed to have been taking pills and to have constant pain in varying degrees. On July 10, 1981, the commissioner of labor made an order stating in part:

"After having reviewed all the evidence presented, it is determined that the lump sum settlement was a settlement of all claims, future and past, and that any claim for permanent partial disability would be precluded by the lump sum settlement. Therefore, claim for permanent partial disability is denied."

It is from this decision that the plaintiff pursued his appeal in the superior court. The determination of permanent partial disability is a matter in which the labor commissioner has finality. RSA 281:26 IV provides:

"In the event of dispute as to amount of compensation and/or percentage of permanent partial loss or losses, the same shall be determined by the labor commissioner on the basis of competent medical evidence and said findings shall be final."

In view of the fact that the plaintiff has not been in the defendant's employ since the lump-sum settlement approval, it appears that he is now seeking an appeal in the superior court more than four years later to determine the reasonableness of the labor commissioner's 1977 approval of his lump-sum settlement. The plaintiff is precluded from this maneuver by the holding of the court in *King v. Kniznick*, 98 N.H. 247, 249–50, 98 A.2d 356, 358 (1953), where it was determined that the superior court had no authority to approve lump-sum settlements for permanent disability, and, therefore, was precluded from modifying them except where

errors of law existed. This view has been affirmed by this court's holdings that the labor department's determination in the approval of lump-sum settlements was exclusive, subject to review only by a writ of certiorari. *Wood v. General Elec. Co.*, 119 N.H. 285, 287–88, 402 A.2d 155, 157 (1979); *Dodier v. State Dep't of Labor*, 117 N.H. 315, 317, 373 A.2d 341, 342 (1977).

*Remanded.*

All concurred.