Ethel L. ALMSTEAD

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, BOARD OF REVIEW.**

No. 82–133–M.P.

Supreme Court of Rhode Island.

July 27, 1984.

---

Edward L. Gnys III, Raymond A. LaFazia, Providence, for petitioner.

Joseph R. DeCiantis, Providence, for respondent.

## OPINION

MURRAY, Justice.

This is a petition for a writ of certiorari filed pursuant to the Administrative Procedures Act, G.L.1956 (1977 Reenactment) § 42–35–16, to review a judgment of the District Court affirming the decision of the Board of Review of the Department of Employment Security (board of review), denying the plaintiff's request for unemployment compensation.

The plaintiff, Ethel L. Almstead, filed a claim for unemployment compensation on January 14, 1977, with the Director of the Department of Employment Security (director). Notice of disqualification was mailed to plaintiff on January 28, 1977. The plaintiff appealed the director's decision to the board of review. The board affirmed the disqualification in a decision dated March 23, 1977. Having exhausted her administrative remedies, plaintiff sought judicial review in the Sixth Division District Court pursuant to § 42–35–15. The District Court affirmed the board of review in a decision dated February 14, 1982.

The pertinent facts are as follows. The plaintiff sustained injuries to her left leg, knee, and thigh on July 1, 1976. These injuries arose out of and in the course of her employment with Rhode Island Textile Company. The plaintiff filed for workers' compensation benefits, and a decree was entered by the Workers' Compensation Commission ordering the payment of weekly compensation benefits beginning July 14, 1976. In January 1977 a commutation decree was entered pursuant to which plaintiff received a lump-sum payment of $1,720. The plaintiff agreed to resign from her job with Rhode Island Textile Company as part of the settlement agreement entered into between plaintiff and her employer.

The director determined that plaintiff's resignation, under these circumstances, constituted a leaving with good cause which would otherwise qualify her to receive unemployment benefits. The plaintiff was nevertheless found to be ineligible to receive unemployment benefits. The director decided that since plaintiff had received a lump-sum payment in commutation of her workers' compensation claim that was based upon an estimated twenty-five weeks of future payments, she could not receive unemployment compensation during that period. This decision was based upon G.L.1956 (1979 Reenactment) § 28–44–19 [1] and was affirmed by the board of review and the Sixth Division District Court.

The sole question before us is whether plaintiff was in receipt of workers' compensation benefits during the period for which she applied for unemployment compensa-

tion and was therefore properly disqualified from receiving such unemployment benefits pursuant to § 28–44–19. The plaintiff argues that she was not receiving remuneration in the form of workers' compensation benefits. It is her contention that the lump-sum payment that she received in commutation of her claim cannot be projected into the future. She argues that lump-sum awards are an exception to the general purpose of providing weekly compensation in lieu of wages to an injured employee, that those awards are out of the normal course, and that they have no relation to an employee's right to receive compensation. We are not persuaded by these arguments and consequently must deny her petition for certiorari.

 In *Berberian v. Department of Employment Security*, R.I., 414 A.2d 480, 482 (1980), we set forth the paramaters of our scope of review in cases like the one before us.

"We note initially that our scope of review on writs of certiorari is limited to a review of the record. General Laws 1956 (1977 Reenactment) § 42–35–16. We may review only questions of law which appear in the petition. *Providence Journal Co. v. Mason*, 116 R.I. 614, 620, 359 A.2d 682, 685 (1976); *A.T. & G., Inc. v. Zoning Bd. of Review*, 113 R.I. 458, 462, 322 A.2d 294, 296 (1974). The grounds for reversal must appear on the face of the record. *Prospecting Unlimited, Inc. v. Norberg*, R.I., 376 A.2d 702, 706 (1977); *Lemoine v. Department of Mental Health, Retardation & Hospitals*, 113 R.I. 285, 288, 320 A.2d 611, 613 (1974). We do not weigh the evidence,

---

1. General Laws 1956 (1979 Reenactment) § 28–44–19 provides as follows:

"Receipt of compensation.—An individual shall be disqualified from receiving benefits for any week of his unemployment occurring within any period with respect to which such individual is currently receiving, or has received, remuneration in the form of—
(a) Compensation for temporary partial disability under a workers' compensation law of any state or under a similar law of the United States; or

(b) Benefits under an unemployment compensation law of any state or of the United States;
Provided, that if the remuneration designated in (a) is less than the benefits which would otherwise be due under chapters 42 to 44, inclusive, of this title, he shall be entitled to receive for such week, if other-wise eligible, benefits reduced by the amount of such remuneration."

however, we merely search for any legally competent evidence that supports the decision under review. *Prospecting Unlimited, Inc. v. Norberg*, 376 A.2d at 706; *Lemoine v. Department of Mental Health, Retardation & Hospitals*, 113 R.I. at 288, 320 A.2d at 613."

It is our opinion that the decision below is supported by legally competent evidence.

The plaintiff's right to receive workers' compensation payments was commuted to a lump sum pursuant to § 28–33–25.[2] It is plaintiff's contention that since such a lump-sum award is based upon probable future payments and is authorized as an exception to the general purpose and payment scheme of the Workers' Compensation Act, the director and the board of review had no basis for projecting the award for a period of six months into the future. In support of this argument, plaintiff cites various cases to support the proposition that lump-sum payments are an exception to the policy that compensation be paid weekly and may be made for various reasons that are shown to be in the best interest of the employee.

Although we agree with plaintiff's general characterization of commutation awards, we cannot agree with the conclusion she urges upon us by her argument. The core of this argument, that commutation awards cannot be projected into the future because they are based upon *probable* future payments, begs the very question before us. It is precisely because lump-sum awards are based upon a commutation of probable future payments that the director and the board of review denied plaintiff unemployment benefits. *See Sarrasin v. Crescent Co.*, 104 R.I. 69, 74, 241 A.2d 818, 820 (1968).

■ Initially, we shall focus upon § 28–33–25, which provides for the commutation of future payments to a lump sum. This statute clearly states that in considering a petition for a commutation order, "a commissioner shall give due weight to the fact that it is the policy of this chapter that compensation be paid weekly." The statute goes on to provide that a petition "may be granted where it is shown to the satisfaction of the commission that the payment of a lump sum in lieu of future weekly payments will be for the best interest of the person or persons receiving or dependent upon such compensation * * *." The key portion of the statute for purposes of

2. Section 28–33–25 provides as follows:
 "Commutation to lump sum payment.—In case payments have continued for not less than six (6) months either party may, upon due notice to the other party, petition the workers' compensation commission for an order commuting the future payments to a lump sum. In considering the petition a commissioner shall give due weight to the fact that it is the policy of this chapter that compensation be paid weekly. Such petition shall be considered by a member of the workers' compensation commission and may be granted where it is shown to the satisfaction of the commission that the payment of a lump sum in lieu of future weekly payments will be for the best interest of the person or persons receiving or dependent upon such compensation, or that the person entitled to compensation has removed or is about to remove from or resides outside of the United States. Where the commutation is ordered, the workers' compensation commission shall fix the lump sum to be paid at an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at five percent (5%) per annum with annual rests. In all petitions for commutation the lump sum to be paid shall be mathematically computed by the workers' compensation commission, and an order containing the computation shall be affixed to the decree. Upon the payment of such amount for the injury or death, the employer shall be entitled to a duly executed release, upon filing which or other due proof of payment the liability of such employer under any existing agreement, memorandum of agreement award, findings or decree shall be discharged of record.
 "The provisions of this section shall be strictly construed and all hearings for commutation shall be conducted in open session.
 "No case may be commuted to a lump sum payment while the Rhode Island temporary disability insurance fund and/or the department of social and rehabilitative services has a claim for payments made under chapter 41 of this title, unless agreement is made to pay any such claim from said lump sum payments."

our analysis, however, is that portion which instructs the commission to "fix the lump sum to be paid at an amount which will equal the total sum of the probable future payments capitalized at their present value * * *." This language is clear and unambiguous: "the lump-sum settlement is arrived at, not on the theory that the injured employee would be entitled to the maximum benefits of the act, but rather on the commission's determination of the present value of the probable future weekly payments." *Sarrasin v. Crescent Co.*, 104 R.I. at 74, 241 A.2d at 820; *Dupere v. Brassard*, 87 R.I. 205, 208, 139 A.2d 879, 881 (1958). In the face of this language, it is impossible for us to reach the conclusion that the amount of lump-sum award is not based fundamentally upon the commission's best approximation of the number of weeks that an employee would be entitled to compensation in the absence of a commutation.

The decision below is further supported by the language of the commutation order itself, which states that "the future payments due under the [Workers'] Compensation Act from said respondent to Ethel Almstead, which will probably not exceed 25 weeks nor more than Sixty-eight and $^{80}/_{100}$ ($68.80) Dollars per week, be and they hereby are commuted to the lump sum of One Thousand Seven Hundred Twenty ($1,720.) Dollars * * *." Given the clear mandate of § 28–33–25 that the commission followed in the issuance of its order, we cannot say that the director and the board of review were without legal justification in denying plaintiff's claim for unemployment benefits.

■ We are not of the opinion that the language of § 28–33–25 justifies treating employees who receive weekly compensation benefits differently from those employees whose right to receive future weekly payments has been commuted to a lump sum. In *Fox v. Employment Security Commission*, 379 Mich. 579, 153 N.W.2d 644 (1967), the Michigan Supreme Court held unconstitutional a provision of that state's employment security act which permitted employees who had received lump-sum workers' compensation settlements to receive unemployment compensation benefits while preventing those who received weekly workers' compensation payments from receiving unemployment compensation benefits. In finding "no substantial, rational, or justifiable difference * * *" between these classes of recipients, the court stated that

"[t]he injury is the same; the disability is the same; the length of the incapacity is the same; and even the benefits to which the two classes are entitled are the same. Plaintiff, who falls into the classification of one receiving weekly benefits rather than having taken a lump sum settlement prior to filing for unemployment compensation benefits, is deprived of the constitutional right of equal protection of the laws since all, including this plaintiff, have not been treated alike in determining their eligibility * * *." *Id.* at 592, 153 N.W.2d at 649.

■ In the present case, we see no more reason than did the court in *Fox* to differentiate between these two classes of recipients. Unlike the situation in *Fox*, however, we do not feel that our Legislature has created such a distinction. Section 28–33–25 clearly requires a Workers' Compensation commissioner to determine the lump-sum amount on the basis of probable future payments. This requirement was complied with in the present case and was reflected in the commutation order. Consequently, we cannot say that the decision below was not supported by any legally competent evidence. The director and the board of review projected the lump-sum amount for the twenty-five-week period upon which the award was based. On the basis of the foregoing analysis, we cannot say that this decision was in violation of the statutory provisions in question, nor was it affected by any other error of law.[3]

---

3. These standards are contained in G.L.1956 (1977 Reenactment) § 42–35–15 of our Adminis-

After consideration of the record before us, we are of the opinion that if the circumstances which have arisen in the present case call for an exception to the plain meaning of the language of § 28–33–25 and § 28–44–29, " 'there is no lawful power in this court to provide it, and therefore the appeal for a remedy should be addressed elsewhere, namely, to the general assembly, the creator of the statute[s].' " *See Sarrasin v. Crescent Co.,* 104 R.I. at 73, 241 A.2d at 820 (quoting *Dupere v. Brassard,* 87 R.I. 205, 210, 139 A.2d 879, 882 (1958)).

For the reasons stated, the petition for certiorari is denied, the writ heretofore issued is quashed, and the papers are ordered returned to the Sixth Division District Court with our decision endorsed thereon.

WEISBERGER, J., did not participate.

trative Procedures Act and govern the first level of judicial review. As we have stated previously, however: "If the first level of judicial review must conform to [these] standards * * * then our review, as a practical matter, must be likewise confined." *Berberian v. Department of Employment Security,* R.I., 414 A.2d 480, 482 n. 2 (1980).