Richard **CHARTIER**

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING, BOARD OF REVIEW.**

No. 94–266–M.P.

Supreme Court of Rhode Island.

April 15, 1996.

Stephen J. Dennis, Providence, for Plaintiff.

Andrew B. Prescott, William G. Brody (Board of Review), Providence, for Defendant.

## OPINION

MURRAY, Justice.

This case came before us on the petition for certiorari of the Providence Center (employer). The District Court reversed the decision of the Department of Employment and Training, Board of Review (the board) which upheld the finding that the plaintiff, Richard Chartier (employee), was not entitled to receive employment-security benefits. After reviewing the record before us, we reverse the District Court's judgment.

The employee was hired as a psychotherapist at employer's center in Providence, Rhode Island. In June 1993 employer discharged employee for violating a direct order from his supervisor; employee's supervisor had instructed employee not to date his former patient emphasizing that he would lose his job if he were to disobey her order. Despite this warning, employee engaged in a very brief relationship with his former patient.[1] After the relationship had ended, employee told his supervisor that he had not complied with her instructions. The employer thereafter decided to discharge employee, stating that "[t]he reason for this termination is that [employee] wilfully disregarded [his supervisor's] repeated warnings that [he] not have a sexual relationship with a former client." The employee's last day of employment was June 18, 1993.

On June 22, 1993, employee filed a claim for employment-security benefits. In a decision dated July 6, 1993, the director determined that employee was discharged under disqualifying circumstances pursuant to G.L. 1956 § 28–44–18 and therefore denied employee's claim for employment benefits. The employee then appealed to a referee who held that employee was not entitled to receive unemployment-security benefits, basing the determination on the fact that employee had been discharged under disqualifying cir-

---

1. The relationship began approximately eighteen months after the termination of employee's former patient's therapy.

cumstances for proven misconduct in connection with his work and was thus disqualified pursuant to § 28–44–18.

The employee thereafter appealed to the board, which affirmed the referee's decision. The employee then filed a complaint for judicial review in the District Court. The District Court reversed the board's decision and found that employee "did not commit an act of misconduct in connection with the work since the woman involved was a former patient and that [employee] was under no obligation to prove that the former client would never need to return to treatment. At the time of the personal relationship there was no professional counselor/patient relationship." The employer subsequently filed a petition for a writ of certiorari which was granted by this court on December 21, 1994.

■ In reviewing an administrative agency's decision, the District Court shall not "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." General Laws 1956 § 42–35–15(g). *See also Newport Shipyard, Inc. v. Rhode Island Commission for Human Rights,* 484 A.2d 893, 896 (R.I.1984). On certiorari to this court, the scope of our review is limited to a review of the record as a whole to determine whether any competent evidence supported the lower court's decision or whether the lower court made any error of law in that decision. *Rhode Island Department of Mental Health, Retardation, and Hospitals v. Doe,* 533 A.2d 536, 539 (R.I.1987); *Almstead v. Department of Employment Security, Board of Review,* 478 A.2d 980, 982–83 (R.I.1984).

■ In the instant case, in which the employee engaged in a personal relationship with a former patient in willful violation of his supervisor's instructions, the only issue to be determined is whether employee's actions amount to statutory "misconduct" within the meaning of § 28–44–18. On certiorari, employer argues that employee was discharged for violating a directive from his supervisor. According to employer's policy-and-procedure manual, a refusal to comply with the instructions or directions of a supervisor constitutes a major offense for which immediate suspension or dismissal is warranted. Therefore, employer argues, employee's direct refusal to comply with its instructions constitutes misconduct within the meaning of § 28–44–18. We agree.

■ In order to impose a disqualification under the provisions of § 28–44–18, there must be proof that the discharged person committed an act of misconduct in connection with the employment. Specifically, § 28–44–18 provides that

"[a]n individual who has been discharged for proved misconduct connected with his or her work shall thereby become ineligible for benefits for the week in which that discharge occurred and until he or she establishes to the satisfaction of the director that he or she has, subsequent to that discharge, had at least four (4) weeks of work, and in each of that four (4) weeks has had earnings of at least twenty (20) times the minimum hourly wage as defined in * * * this title."

The term "misconduct" has been defined as " 'conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee.' " *Turner v. Department of Employment Security,* 479 A.2d 740, 741 (R.I.1984). In *St. Pius X Parish Corp. v. Murray,* 557 A.2d 1214, 1217 (R.I.1989), we stated that "[e]very employer has a right, to some extent, to govern its employees through the establishment of performance standards and rules of conduct the violation of which may be grounds for dismissal."

In the instant case we are of the opinion that employee's willful disregard of his supervisor's instructions rises to the level of misconduct within the meaning of § 28–44–18. The employee stated that he had "concerns about what would happen, in terms of his job" if he were to enter into a personal relationship with his former patient. He then went to his supervisor to discuss "how to appropriately respond to this woman." His supervisor specifically instructed employee not to engage in a personal relationship with his former patient and warned employee that he would be terminated if he were to

"[get] together with her." The employee ignored his supervisor's warnings and entered into a personal relationship with his former patient. Clearly, employee intentionally refused to comply with his supervisor's instructions. In fact, the District Court found that "[t]here is no doubt that the claimant wilfully and intentionally disregarded the cautionary instructions of the employer." We therefore conclude that employee's refusal to comply with the directions of his supervisor constitutes the type of misconduct contemplated by § 28–44–18 and that employee was appropriately discharged for acts of proven misconduct in the course of his employment.

As a final matter, we do not offer opinion on the issue of whether the employee's involvement with a former patient is a violation of certain ethical standards or whether such action constitutes misconduct. Although the employee maintains that his association with a former client does not constitute misconduct, we stress that our decision today is based on the employee's wilful and intentional disregard of his supervisor's direct instructions. As stated previously, the employer's policy-and-procedure manual specifically provides that a refusal to comply with instructions of a supervisor constitutes a major offense for which immediate termination is warranted. It is the employee's clear violation of this rule that amounts to misconduct within the meaning of § 28–44–18.[2]

For the reasons stated herein, the petition for certiorari is granted and the judgment of the trial judge is quashed. The case is remanded to District Court with our decision endorsed thereon, with directions to enter judgment affirming the board's decision which upheld the finding that the employee was not entitled to receive employment-security benefits.

FLANDERS, J., did not participate.

---

2. Since the employee has conceded that "the only issue before the court is whether or not this termination was under a non-qualifying circumstance," we need not address the employee's remaining issues.