FOX *v.* EMPLOYMENT SECURITY COMMISSION.

Decision of the Court.

Black, T. M. Kavanagh, Souris, O'Hara,
Adams, and Brennan, JJ.

1. Constitutional Law—Equal Protection.
   The equal protection clause of the previous State Constitution affords the same rights as the equal protection clause of the Constitution of the United States (US Const, Am 14, § 1; Mich Const 1908, art 2, § 1).

2. Same—States—United States—Equal Protection.
   The Constitution of 1963 affords the same equal protection rights as the Constitution of the United States (US Const, Am 14, § 1; Mich Const 1963, art 1, §§ 1, 2).

3. States—Legislatures—Classification.
   State legislatures have a broad range of discretion in establishing classifications in the exercise of their powers of regulation.

4. Constitutional Law—Equal Protection.
   The constitutional guarantees of equal protection are interposed against discriminations that are entirely arbitrary (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2).

5. Statutes—Legislatures—Classification.
   Classification in a statute must bear a relation to the purposes of the act in which it is found, and the particular subjects of State legislation must be considered in determining what is within legislative discretion and what is arbitrary (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2).

---

References for Points in Headnotes

[1, 2] 16 Am Jur 2d, Constitutional Law § 489.
[3, 5, 6, 19, 20, 22–24] 16 Am Jur 2d, Constitutional Law § 495 *et seq.*
[4] 16 Am Jur 2d, Constitutional Law § 499.
[7] 16 Am Jur 2d Constitutional Law § 503.
[8] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 5.
[9] 58 Am Jur, Workmen's Compensation §§ 547, 548.
[10–18, 21, 25–30] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 34 *et seq.*
[31] 5 Am Jur 2d, Appeal and Error § 1009.

6. Constitutional Law—Classification—Legislation.

The legislature may make classifications of persons, provided such classifications are based on substantial distinctions, are in accord with the aims sought to be achieved, and are not arbitrary or capricious but rest in reasonable and justifiable foundations (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2).

7. Same—Discrimination Within a Class.

Legislation which fails to include and affect alike all persons of the same class, and extends immunities or privileges to one portion and denies them to others of like kind by unreasonable or arbitrary subclassification, comes within the constitutional prohibition against class legislation (US Const, Am 14; Mich Const 1963, art 1, §§ 1, 2).

8. Unemployment Compensation—Workmen's Compensation—Classification.

There is not a justifiable, reasonable and substantial difference between participants in workmen's compensation benefits who did not qualify for unemployment compensation benefits because they were drawing weekly benefits under workmen's compensation act and those with the same disability, suffering injury at the same time, who received their workmen's compensation benefits in one lump sum (CL 1948, § 412.22; PA 1936 [Ex Sess], No 1, § 27n, as added by PA 1963, No 188).

9. Workmen's Compensation—Weekly Payments—Lump Sum Payments.

The preferred administration of the workmen's compensation act is that recipients receive weekly payments as opposed to lump sum payments (CL 1948, § 412.22).

10. Unemployment Compensation—Eligibility—Workmen's Compensation—Weekly Benefits—Lump Sum—Equal Protection.

Recipient of weekly benefits under the workmen's compensation act *held,* denied of his constitutional right of equal protection of the laws under provision of employment security act whereby eligibility for unemployment compensation was diminished or eliminated by receipt of weekly payments of workmen's compensation, whereas a claimant for unemployment compensation who had effected a lump sum settlement of workmen's compensation would not be ineligible to receive unemployment compensation (CL 1948, § 412.22; PA 1936 [Ex Sess], No 1, § 27n, as added by PA 1963, No 188).

11. Same—Workmen's Compensation.

> The legislature has attempted to eliminate duplication of benefits between unemployment compensation and workmen's compensation (PA 1936 [Ex Sess], No 1, § 27n, as added by PA 1963, No 188).

12. Constitutional Law—Unemployment Compensation—Workmen's Compensation.

> State statute which subtracts weekly workmen's compensation benefits from weekly unemployment compensation benefits but does not subtract lump sum workmen's compensation benefits from unemployment compensation benefits, *held*, constitutionally invalid from the beginning as a denial of equal protection of the laws (PA 1936 [Ex Sess], No 1, § 27n, as added by PA 1963, No 188).

## Separate Opinion.
### Black, T. M. Kavanagh, Souris, and Brennan, JJ.

13. Unemployment Compensation—Workmen's Compensation—Classification—Partial Permanent Disability—Specific Loss.

> *The classifications, made in the employment security act with respect to eligibility for unemployment compensation between those partially permanently disabled and those under the specific loss provisions of the workmen's compensation act fail to treat all within the class equally (PA 1936 [Ex Sess], No 1, § 27n, as added by PA 1963, No 188).*

14. Workmen's Compensation—Specific Loss—Partial Permanent Disability.

> *Specific loss under the workmen's compensation act, is "deemed to continue for the period specified," whereas "partial permanent" disability continues for the duration of the incapacity (CL 1948, § 412.10).*

15. Unemployment Compensation—Workmen's Compensation—Partial Permanent Disability.

> *The fact that some partial permanent disabilities under the workmen's compensation act, are "deemed to continue for the period specified" whereas others continue for the duration of the incapacity does not justify a difference with respect to receipt of unemployment compensation benefits (CL 1948, § 412.10; PA 1936 [Ex Sess], No 1, § 27n, as added by PA 1963, No 188).*

Separate Opinion.

O'Hara and Adams, JJ.

See headnotes 1–12.

Dissenting Opinion,

Dethmers, C. J.,   and Kelly, J.

16. Constitutional   Law—Equal   Protection—Classification—
Unemployment Compensation—Workmen's Compensation.
*State's statute which subtracts weekly workmen's compensation*
*benefits from weekly unemployment compensation benefits but*
*does not subtract lump sum workmen's compensation benefits*
*from unemployment compensation benefits, held, a reasonable*
*classification and not a denial of equal protection of the laws*
*under the Michigan and United States Constitutions, since*
*all persons within each classification are treated alike and the*
*statute provides uniformity in its operation within each classifi-*
*cation (US Const, Am 14, § 1; PA 1936 [Ex Sess], No 1,*
*§ 27n, as added by PA 1963, No 188).*

17. Unemployment Compensation—Legislature.
*Legislature has right to consider duplication and supplemental*
*income in providing for payment of unemployment compensa-*
*tion.*

18. Same—Intent of Employment Security Act.
*The intent of the employment security act is not to supply any-*
*one a supplemental income but rather to furnish protection*
*against the hazard of involuntary unemployment through the*
*systematic accumulation of funds during employment to be*
*disbursed to the involuntarily unemployed in times of need,*
*to maintain purchasing power and to limit the serious social*
*consequences of relief assistance (CL 1948, § 421.2).*

19. Constitutional Law—Classification.
*Basis for classification in a statute need not be established on*
*any overwhelming distinction.*

20. Same—Classification.
*The fact that one classification is favored over another in a*
*statute does not justify the conclusion that the enactment*
*is unconstitutional.*

21. Unemployment Compensation—Legislature.
*Legislature, in establishing a system of unemployment benefits,*
*is not bound to occupy the whole field; it may strike at the*
*evil where it is most felt or where it is most practicable*
*to deal with it, and may exclude others whose need is less,*
*or whose effective aid is attended by inconvenience which is*
*greater.*

22. Constitutional Law—Equal Protection—Classification—State Police Laws.

*Equal protection clause of the Constitution of the United States does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary (US Const, Am 14, § 1).*

23. Same—Classification—Equal Protection—State Police Law.

*Classification having some reasonable basis does not offend against the equal protection clause of the Constitution of the United States merely because it is not made with mathematical nicety or because in practice it results in some inequality; and, when the classification and police law is called in question, and if any set of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed (US Const, Am 14, § 1).*

24. Same—Classification—Police Law—Burden of Proof.

*One who assails the classification in a police law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.*

25. Unemployment Compensation—Workmen's Compensation.

*Unemployment compensation law of this State in 1955 did not have the provision reducing weekly unemployment benefits by the amount of the workmen's compensation benefits received during the same week.*

26. Same—Benefits—Statutes.

*The right to unemployment compensation benefits rests wholly on the statute.*

27. Same—Benefits—Legislative Enactment.

*Unemployment compensation benefits do not accrue in the course of the common law but have their "roots in legislative enactment," which enactments prescribe both the nature of the benefits and the remedies to be pursued in their effectuation (PA 1936 [Ex Sess], No 1).*

28. Same—Benefits—Vested Rights.

*The acquisition of vested or contractual rights to unemployment compensation benefits is prohibited by the employment security act (CL 1948, § 421.57).*

29. Same—Eligibility—Benefits.

*Eligibility for benefits under employment security act is determined on "week-to-week" basis (CL 1948, § 421.28).*

30. Same—Workmen's Compensation—Vested Right.

State's statute which subtracts weekly workmen's compensation
benefits from weekly unemployment compensation benefits is
prospective rather than retrospective in character, and takes
away no vested right (PA 1936 [Ex Sess], No 1, § 27n, as
added by PA 1963, No 188).

31. Costs—Public Question—Unemployment Compensation.

No costs are allowed in proceedings to obtain unemployment com-
pensation benefits, a public question being involved.

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted April 11, 1967. (Calendar No. 3, Docket No. 51,438.) Decided November 7, 1967. Rehearing denied December 4, 1967.

Walter W. Fox presented a claim for unemployment compensation which was granted but reduced by amount of workmen's compensation received from employer, Pioneer Engineering & Manufacturing Company. Plaintiff appealed to the appeal board of the Michigan employment security commission. Affirmed. Plaintiff appealed to circuit court. Affirmed. Plaintiff appeals. Leave to appeal prior to decision of. Court of Appeals granted pursuant to GCR 1963, 852. Reversed and case remanded for judgment in accordance with opinion.

Harry Dworin and Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe, Jordan Rossen, and Michael S. Friedman, for plaintiff.

Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and Edward J. Setlock, Assistant Attorney General, for defendants.

Beaumont, Smith & Harris and Frank E. Cooper, for defendant Pioneer Engineering & Manufacturing Company, on application for rehearing.

T. M. Kavanagh, J. Plaintiff, in 1955, suffered an injury to his right knee arising out of and in the

course of his employment.  In June of that year plaintiff was awarded $34 a week for 500 weeks under the workmen's compensation statute for permanent and partial disability.  Since 1955 plaintiff has developed new skills and found employment with other employers at wages higher than he was receiving at the time of the injury.  However, when unemployed he collected the $34 per week allowed him as workmen's compensation benefits.

In May of 1964 plaintiff was laid off work by his then employer Pioneer Engineering & Manufacturing Company and was awarded $37 per week for 19–1/2 weeks in unemployment compensation benefits.  Under section 27n of the employment security act,[1] the employment security commission deducted from its award of $37 per week the benefits of $34 per week plaintiff was receiving under the workmen's compensation act.  His final unemployment compensation benefits, therefore, were reduced to $3 per week.  This determination was upheld by the referee, the appeal board of the Michigan employment security commission, and the circuit court for the county of Wayne.

Leave to appeal prior to decision of the Court of Appeals, pursuant to GCR 1963, 852, was granted by this Court on April 27, 1966.

Plaintiff contends that he is denied equal protection of the laws because of unreasonable classification of persons applying for benefits under section 27n of the employment security act.  He contends that the classifications are unreasonable:

(1) As between claimants under the employment security act who at that time are receiving work-

---

[1] PA 1936 (Ex Sess), No 1, § 27n (CL 1948, § 421.27n), as added by PA 1963, No 188 (Stat Ann 1963 Cum Supp § 17.529[1]).  Section 27n was repealed by PA 1965, No 281, but the same act reenacted substantially the same language as subd (m) of section 27 of the employment security act (CL 1948, § 421.27 [Stat Ann 1965 Cum Supp § 17.529]).

men's compensation benefits and those seeking only unemployment compensation benefits;

(2) As between those seeking benefits under the employment security act who have received weekly workmen's compensation benefits other than death benefits or scheduled benefits for a specific loss and those seeking unemployment compensation benefits who are receiving other benefits under the workmen's compensation act; and

(3) As between those seeking benefits under the employment security act who had entered into a lump sum settlement of their benefits under the workmen's compensation act prior to seeking unemployment compensation benefits and those seeking unemployment compensation benefits who are receiving weekly benefits under the workmen's compensation act.

Plaintiff further contends that his right to workmen's compensation benefits vested as of the date of injury in 1955, and that therefore (a) he is deprived of property without due process of law, and (b) there is an impairment of the obligations of contract when the legislature attempts to affect this vested right by providing that he must give up that same amount of unemployment compensation benefits to which he otherwise would be entitled.

Plaintiff's final contention is that the circuit court applied section 27n of the employment security act retroactively absent an express mandate in the statute compelling that application.

Defendants, after accepting the facts set forth by plaintiff, contend that there is no need to look to the purposes of the employment security act to determine the meaning of section 27n, as the section is clear, unambiguous, and needs neither interpretation nor clarification.

It is further contended by defendants that there are neither contractual nor vested rights to unem-

ployment compensation benefits, as section 57 of the employment security act[2] subjects all the rights, privileges, or immunities conferred by that act to repeal or amendment by the legislature.

In answer to plaintiff's contention that section 27n of the employment security act is applied retroactively, defendants state that it has not been so applied, but rather is effective to all claimants who *receive* workmen's compensation benefits after September 6, 1963 (the date section 27n became effective), *irrespective of the date of the award.*

Defendants' final contention is that section 27n of the employment security act does not, as applied to plaintiff, deny equal protection of the laws under the United States or the Michigan Constitution, as the classes adopted present reasonable classifications among applicants for employment security benefits.

We have concluded it is necessary in disposing of this case to consider the constitutional question dealing with the classification of parties under the equal protection clauses of the State and Federal Constitutions. This question will be discussed first.

Section 27n of the employment security act, as added by PA 1963, No 188, reads in pertinent part as follows:

"(a) If an individual claims and is otherwise eligible for weekly benefits under this act for a week with respect to which he has received weekly benefits, *other than death benefits or scheduled benefits for a specific loss,* under the workmen's compensation act of this State or under any similar law of another State or of the United States, the individual's weekly benefits otherwise payable under this act for such week shall be reduced to the amount, if any, by which the individual's workmen's compensation weekly benefit for such week was less than

[2] CL 1948, § 421.57 (Stat Ann 1960 Rev § 17.561).

his benefits otherwise payable under this act for such week. If the individual's workmen's compensation weekly benefit for such week equaled or exceeded his weekly benefits otherwise payable under this act for such week, no weekly benefits shall be payable under this act for such week." (Emphasis supplied.)

This Court has held numerous times that the Michigan Const 1908, art 2, § 1, secures the same right of equal protection as does its counterpart in the Constitution of the United States. *Gauthier v. Campbell, Wyant & Cannon Foundry Company,* 360 Mich 510, 514, and cases therein cited. The same provisions in Const 1963, art 1, §§ 1 and 2, must likewise be held to afford the same rights as the Federal equal protection clause.

There is no doubt that State legislatures have a broad range of discretion in establishing classifications in the exercise of their powers of regulation. However, the constitutional guarantees of equal protection are interposed against discriminations that are entirely arbitrary. In determining what is within legislative discretion and what is arbitrary, regard must be had for the particular subject of the State legislation. There must be a relation between the classification and the purposes of the act in which it is found. *Smith v. Cahoon, Sheriff,* 283 US 553, 566 (51 S Ct 582, 587, 75 L ed 1264, 1274); *Morey v. Doud,* 354 US 457, 465 (77 S Ct 1344, 1350, 1 L ed 2d 1485, 1491); *Beauty Built Construction Corporation v. City of Warren,* 375 Mich 229; *Palmer Park Theatre Company v. City of Highland Park,* 362 Mich 326.

In the case of *People v. Chapman,* 301 Mich 584, a statute of this State was challenged as unconstitutionally denying the defendant therein equal protection of the laws. Justice Starr, writing for the Court, stated (pp 597, 598):

"It is well recognized that the legislature may make classifications of persons, provided such classifications are based on substantial distinctions and are in accord with the aims sought to be achieved. (Citing cases.)   However, such classification must be neither arbitrary nor capricious, but must rest on reasonable and justifiable foundations.   In *Haynes* v. *Lapeer Circuit Judge, supra,*[3] p 141, the rule is stated:

" 'Legislation which, in carrying out a public purpose for the common good, is limited by reasonable and justifiable differentiation to a distinct type or class of persons is not for that reason unconstitutional because class legislation, if germane to the object of the enactment and made uniform in its operation upon all persons of the class to which it naturally applies; but if it fails to include and affect alike all persons of the same class, and extends immunities or privileges to one portion and denies them to others of like kind, by unreasonable or arbitrary subclassification, it comes within the constitutional prohibition against class legislation.' "

See, also, *Davidow* v. *Wadsworth Manfg. Co.,* 211 Mich 90, 97–102; *Peninsular Stove Co.* v. *Burton,* 220 Mich 284, 286; *Smith* v. *Wayne Probate Judge,* 231 Mich 409.

The obvious intention of the legislature in enacting section 27n of the employment security act was to prevent duplication of benefits to the unemployed who receive workmen's compensation benefits.   In doing so, the legislature made certain classifications of persons.

It permitted those not receiving workmen's compensation benefits to receive full unemployment compensation benefits, while preventing those receiving total permanent, partial permanent, or temporary disability payments under the workmen's

[3] 201 Mich 138.

compensation act from receiving full unemployment compensation benefits.

It permitted those who were recipients of death benefits under the workmen's compensation act to receive unemployment compensation benefits, while preventing those receiving total permanent, partial permanent, or temporary disability payments under the workmen's compensation act from receiving the same benefits.

It permitted those receiving workmen's compensation benefits for a specific loss to receive unemployment compensation benefits, and prevented those receiving total permanent, partial permanent, or temporary disability payments from receiving unemployment compensation benefits.

It permitted those who had received lump sum settlements of total permanent, partial permanent, or temporary disability payments under the workmen's compensation act to receive unemployment compensation benefits immediately after the "lump sum" settlement, while preventing those who received weekly total permanent, partial permanent, or temporary disability payments under the workmen's compensation act from receiving unemployment compensation benefits.

Counsel for the defendants at oral argument admitted that the Michigan employment security commission so administers the law.

We direct our attention to the above classifications in reverse order of their enumeration, and consider their rationality, reasonableness, and relevance to the purposes of the employment security act attempted to be accomplished by this legislation, to determine whether the distinctions are based on substantial differences and justifiable foundations which operate uniformly on all of the persons naturally in the various classes.

We ask ourselves this question: Is there a justifiable, reasonable and substantial difference between these participants in workmen's compensation benefits who did *not* qualify for unemployment compensation benefits because they were drawing *weekly* benefits under the workmen's compensation act and those with the same disability, suffering injury at the same time, who received their workmen's compensation benefits in one *lump sum,* as is provided by section 22 of part 2 of the workmen's compensation act?[4]

In answering this question, it is necessary to bear in mind that the express preferred administration of the workmen's compensation act is (1) that recipients receive *weekly* payments as opposed to *lump sum* payments; and (2) that duplication of benefits is the obvious evil—if it is an evil—which the legislature has attempted to eliminate.

We find that section 27n does not accomplish either the purpose of this amendment or the preferred purposes of the workmen's compensation act. It is obvious that weekly payments will be discouraged by the fact that if the weekly benefit is taken, the recipient will be precluded from obtaining unemployment compensation benefits when otherwise qualified. Further, the acceptance of the lump sum settlement under the workmen's compensation act so as to qualify for unemployment compensation benefits would not in any way reduce the number of instances in which duplication of payments under the two acts would take place, and therefore, would not remedy the situation that the legislature seeks to avoid.

There is no substantial, rational, or justifiable difference between the classes established by this amendment pertaining to the lump sum payment

[4] CL 1948, § 412.22 (Stat Ann 1960 Rev § 17.172). This section was amended by PA 1965, No 44—see Stat Ann 1965 Cum Supp § 17-.172.

exception. The injury is the same; the disability is the same; the length of the incapacity is the same; and even the benefits to which the two classes are entitled are the same. Plaintiff, who falls into the classification of one receiving weekly benefits rather than having taken a lump sum settlement prior to filing for unemployment compensation benefits, is deprived of the constitutional right of equal protection of the laws since all, including this plaintiff, have not been treated alike in determining their eligibility under section 27n of the employment security act.

The classifications made in section 27n of the employment security act between those partially permanently disabled and those under the specific loss provisions of the workmen's compensation act fail to treat all within the class equally, as section 27n allows benefits under both the employment security act and the workmen's compensation act for one suffering a specific loss and yet denies the same to one permanently and partially disabled.

Section 10(a) of part 2 of the workmen's compensation act[5] provides for certain benefits where the incapacity for work resulting from an injury is partial and matters not pertinent here. It continues as follows:

"Compensation shall be paid for the duration of the disability. In cases included by the following schedule, the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein: * * * ."

Continuing, the section enumerates 16 specific loss provisions and the number of weeks the partial disability will be deemed to continue.

---

[5] CL 1948, § 412.10, as amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.160).

Subd (b) of section 10 defines what is meant by "total and permanent disability."

Clearly, then, specific loss is a species of the genus "partial permanent" disability. The only characteristic differentiating partial permanent disability from specific loss is that specific loss is "deemed to continue for the period specified," whereas "partial permanent" disability continues for the duration of the incapacity.

Does the fact that some partial permanent disabilities are "deemed to continue for the period specified" justify a difference with respect to receipt of unemployment compensation benefits? We think not.

Two employees are permanently injured. Both have given up their common-law remedies against their employer. The working capacity of each is reduced, yet the employee with the specific loss is given the additional privilege of dual benefits, while the other is denied that privilege. This certainly does not provide the "equal protection to all upon which justice under law rests." It is an arbitrary classification of those persons injured who qualify for both workmen's compensation and unemployment compensation benefits.

We conclude, therefore, that section 27n of the employment security act—re-enacted as subd (m) of section 27 of the same act—was from the beginning constitutionally invalid and is now invalid in that it constitutes a denial to this plaintiff and others like him of equal protection of the laws under the Michigan and United States Constitutions.

For obvious reasons it is not necessary to discuss the other questions raised by the parties.

The judgment of the circuit court is reversed and the case remanded for entry of judgment in accordance with this opinion. Plaintiff shall have costs.

Black, Souris, and Brennan, JJ., concurred with T. M. Kavanagh, J.

Adams, J. (*concurring*). I concur with Justice Kavanagh that the classification of section 27n of the employment security act is unconstitutional. I restrict this concurrence to Justice Kavanagh's analysis of plaintiff's contention (3) as set forth in his opinion.

O'Hara, J., concurred with Adams, J.

Kelly, J. (*dissenting*). I agree with my Brother's statement that:

"The obvious intention of the legislature in enacting section 27n of the employment security act was to prevent duplication of benefits to the unemployed who receive workmen's compensation benefits. In doing so, the legislature made certain classifications of persons."

I disagree, however, with his conclusion that in carrying out that intention the legislature by unreasonable classification and denial of equal protection of the laws violated the Michigan and the United States Constitutions.

No one disputes the fact that each and every person within each classification is treated alike. Section 27n* provides uniformity in its operation within each classification.

This Court recognized the legislature's right to consider duplication and supplemental income in

---

* PA 1936 (Ex Sess), No 1, § 27n (CL 1948, § 421.27n), as added by PA 1963, No 188 (Stat Ann 1963 Cum Supp § 17.529[1]). Section 27n was repealed by PA 1965, No 281, but the same act reenacted substantially the same language as subd (m) of section 27 of the employment security act (CL 1948, § 421.27 [Stat Ann 1965 Cum Supp § 17.529]).

*Bolles* v. *Employment Security Commission* (1960), 361 Mich 378, where we held (quoting syllabus 1):

"The intent of the employment security act *is not to supply anyone a supplemental income* but rather to furnish protection against the hazard of involuntary unemployment through the systematic accumulation of funds during employment to be disbursed to the involuntarily unemployed in times of need, to maintain purchasing power and to limit the serious social consequences of relief assistance (CL 1948, § 421.2)." (Emphasis ours.)

We held in *Lawrence Baking Co.* v. *Unemployment Compensation Commission* (1944), 308 Mich 198, that the basis for classification need not be established on any overwhelming distinction, and in determining that the qualification for benefits in that case was constitutional, this Court stated (p 212):

"All employers who are similarly affected 'because of a labor dispute' are treated alike. Under the amendment, as construed, employees are disqualified if the labor dispute results in a stoppage of the employer's work, and they are not disqualified if the labor dispute does not result in such stoppage. This is a reasonable means of determining qualification for benefits and does not result in arbitrary or unjust discrimination between employers. * * * The wisdom or impolicy of such decision belongs to the legislative, and not to the judicial, department of the government."

Appellant's request that we reverse the circuit court of Wayne county has been granted by my Brother because those in one classification are granted benefits that are denied to those in another classification, thus making the classifications unreasonable.

The fact that one classification is favored over another does not justify the conclusion that the enactment is unconstitutional and this fact is emphasized in *Carmichael* v. *Southern Coal & Coke Co.* (1937), 301 US 495 (57 S Ct 868, 81 L ed 1245), where, in rejecting the contention that the Alabama compensation law was unconstitutional, the Court stated (pp 519, 520):

"Appellees [employers] again challenge the tax by attacking as arbitrary the classification adopted by the legislature for the distribution of unemployment benefits. Only the employees of those subject to the tax share in the benefits. Appellees complain that the relief is withheld from many as deserving as those who receive benefits. The choice of beneficiaries, like the selection of the subjects of the tax, is thus said to be so arbitrary and discriminatory as to infringe the Fourteenth Amendment and deprive the statute of any public purpose.

"What we have said as to the validity of the choice of the subjects of the tax is applicable in large measure to the choice of beneficiaries of the relief. In establishing a system of unemployment benefits the legislature is not bound to occupy the whole field. It may strike at the evil where it is most felt [citing cases], or where it is most practicable to deal with it, *Dominion Hotel Company* v. *Arizona,* 249 US 265, 268, 269 (39 S Ct 273, 63 L ed 597). It may exclude others whose need is less [citing cases], or whose effective aid is attended by inconvenience which is greater, *Dominion Hotel Company* v. *Arizona, supra.* * * *

"As we cannot say that these considerations did not lead to the selection of the classes of employees entitled to unemployment benefits, and as a state of facts may reasonably be conceived which would support the selection, its constitutionality must be sustained."

The conclusion that the classifications were unreasonable was not shared by the referee in this case, as is disclosed by the following from his decision affirming redetermination:

"It is my belief that it is clear and unambiguous; that it was incorporated in the act for a definite purpose and to correct abuses which had prevailed in the past."

Claiming that section 27n provides reasonable classification and commenting upon the problems of administration to provide otherwise because claimant's request must be determined on a weekly basis, the attorney general in behalf of the Michigan employment security commission states:

"The second and subsidiary class differentiates between individuals who, on one hand, are paid specific workmen's compensation loss benefits and lump sum settlements, and those who, on the other hand, obtain benefits over an extended period of time allocable to specific weeks. The classifications are based on natural distinguishing characteristics. The basis for the first classification is the avoidance of duplicate payments for wage loss for the same period; while the basis for the subsidiary classification is the fact that the individuals of the first group receive their workmen's compensation benefits in lump sum and in advance, which payments are not readily allocable; while those of the second group receive their benefits over an extended period of time allocable to specific weeks, which benefits tend to be larger in the aggregate.   *   *   *

"The Michigan legislature chose to make the nature of the payment the distinguishing characteristic between a disqualifying payment and a nondisqualifying one. This was apparently done because those who receive workmen's compensation benefits on a weekly basis need unemployment compensation less or to a lesser degree than those who receive lump sum redemptions some time, or even years, before

they became unemployed. As stated by the United States Supreme Court in *Carmichael, supra,* the distinction can be grounded on need or on the inherent administrative problems which may be involved."

In deciding this question we apply guidance set forth in *Lindsley* v. *Natural Carbonic Gas Company* (1911), 220 US 61, 78, 79 (31 S Ct 337, 55 L Ed 369), as follows:

"1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary.

"2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality.

"3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.

"4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

We conclude that section 27n did not violate either the Michigan or the United States Constitutions.

In addition to the unreasonable classification question, appellant also contends that his right to workmen's compensation benefits vested at the date of injury and the application of section 27n deprives him of property without due process of law, constituting an impairment of the obligation of contract

and, also, that the circuit court erred in applying section 27n retroactively.

The unemployment compensation law of this State in 1955 when plaintiff was granted his workmen's compensation benefits, did not have the section 27n provision reducing weekly unemployment benefits by the amount of workmen's compensation benefits claimant would be receiving during the same week.

In *Cassar* v. *Employment Security Commission* (1955), 343 Mich 380, 412, we said:

"The legislature has prescribed the terms and conditions under which unemployment benefits may be received and has imposed conditions with which plaintiffs have not complied.   The right to benefits rests wholly on the statute."

In *Peplinski* v. *Employment Security Commission* (1960), 359 Mich 665, 668, we stated:

*"The benefits in question* [unemployment compensation benefits] *do not accrue in the course of the common law but have their 'roots in legislative enactments,'* which enactments prescribe both the nature of the benefits and the remedies to be pursued in their effectuation."    (Emphasis ours.)

Section 57 of the Michigan employment security act prohibits the acquisition of vested or contractual rights to unemployment compensation benefits by providing:

"All the rights, privileges or immunities conferred under or by virtue of the provisions of this act, or acts done pursuant thereto, shall exist subject to the power of amendment or repeal of this act by the legislature."   CL 1948, § 421.57 (Stat Ann 1960 Rev § 17.561).

Eligibility for benefits under the act is determined on a "week-to-week" basis, as is established in the opening paragraph of section 28, which provides:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that: * * * ." CL 1948, § 421.28 (Stat Ann 1960 Rev § 17.530).

Section 27n also establishes "weekly" benefits and "weeks" providing that each week is to be considered separately with regard to the reduction thereof to the extent of the workmen's compensation payments received during that week.

Section 27n is prospective and not retrospective in character. It takes away no vested right and in no way can be determined to be retrospective.

The judgment of the circuit court should be affirmed. No costs, a public question being involved.

DETHMERS, C. J., concurred with KELLY, J.