## SHAW v. LAKEWAY CHEMICALS, INC.

OPINION OF THE COURT.

2. APPEAL AND ERROR—RELIEF OBTAINABLE IN SUPREME COURT.
   The Supreme Court has authority to render judgment which ought
   to have been made whether mentioned in the notice of appeal
   or not (GCR 1963, 865.1[7]).

DISSENTING OPINION.
DETHMERS, C. J., AND KELLY, J.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur, Social Security, Unemployment Insurance, and Re-
    tirement Funds §§ 3, 5, 10.
[2] 4 and 5 Am Jur 2d, Appeal and Error §§ 319, 959.
[3] 16 Am Jur 2d, Constitutional Law §§ 494, 497; 48 Am Jur, So-
    cial Security, Unemployment Insurance, and Retirement Funds
    §§ 3, 5, 10.

Appeal from Court of Appeals, Division 3; Holbrook, P. J., and Burns and McGregor, JJ., affirming Muskegon, Beers (Henry L.), J. Submitted June 8, 1967. (Calendar No. 6, Docket No. 51,500.) Decided November 7, 1967.

3 Mich App 257, reversed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Jerry S. McCroskey, of counsel), for plaintiff.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Arthur W. Brown,* Assistant Attorney General, for defendant Employment Security Commission Appeal Board.

BRENNAN, J. Plaintiff was paid unemployment compensation benefits of $45 per week for 14 weeks from September 7, 1963, through December 14, 1963. The total amount was $630.

In February, 1964, plaintiff received a workmen's compensation award of $45 per week, beginning as

of August 31, 1962, and embracing the same 14-week period for which plaintiff was paid unemployment compensation.

On February 17, 1964, the Michigan employment security commission issued a redetermination, by which it was ordered that plaintiff was not entitled to the unemployment benefits he had received, and which ordered plaintiff to make restitution thereof to the commission in accordance with section 62(c) of the employment security act. PA 1965, No 281, amending CL 1948, § 421.62(c) (Stat Ann 1965 Cum Supp § 17.566[c]).

On February 18, 1964, an appeal was taken from this redetermination, and a hearing on this appeal was had before a referee on March 5, 1964.

On April 20, 1964, the referee filed and served his decision, holding as follows:

"The redetermination of the commission issued on February 17, 1964, is hereby modified. It is held that the claimant was not entitled to the benefits received for the period from September 8, 1963, through December 15, 1963, in the amount of $630 and is required to make restitution in that amount under section 62(a) of the act. It is further held that the referee is without jurisdiction to authorize the commission to reimburse the claimant for attorney fees expended.

"(s) MORTIMER S. SNOW,
Referee."

The decision of the referee was affirmed by action of the appeal board on July 8, 1964.

Thereafter, appeals were taken to the circuit court and the Court of Appeals, and each in turn has affirmed the action of the referee and the appeal board.

In none of these proceedings has the plaintiff challenged the legality or constitutionality of the redetermination *in toto*. Plaintiff merely urged that attorney fees and expenses incurred in the work-

men's compensation proceedings should be deducted from any restitution of unemployment compensation benefits.

The courts below, the commission and the referee all applied section 27n of the Michigan employment security act* to these facts and thus arrived at the result which has been outlined.

Section 27n of the act has been declared unconstitutional by this Court. See *Fox* v. *Employment Security Commission,* 379 Mich 579.

Therefore, the determination of February 17, 1964, from which this appeal was taken was in error. Plaintiff should not have been required to return any part of the $630.

While the constitutionality of the act has not been argued here, *Fox* is controlling, and this Court has authority under GCR 1963, 865.1(7) to make an appropriate disposition of this case of Shaw.

Reversed, with costs to the appellant.

BLACK, T. M. KAVANAGH, SOURIS, O'HARA, and ADAMS, JJ., concurred with BRENNAN, J.

KELLY, J. (*dissenting*). I am in agreement with the opinion of the Court of Appeals that concludes:

"The learned trial judge properly determined the matter. Judgment affirmed, no costs, the construction of a statute being involved."

Reasons for my dissent to a holding that the trial court and the Court of Appeals should be reversed

---

* PA 1936 (Ex Sess), No 1, § 27n, as added by PA 1963, No 188 (CL 1948, § 421.27n [Stat Ann 1963 Cum Supp § 17.529(1)]). Section 27n was repealed by PA 1965, No 281, but the same act reenacted substantially the same language as subd (m) of section 27 of the employment security act (CL 1948, § 421.27 [Stat Ann 1965 Cum Supp § 17.529]).

because they applied a section of the act* that was unconstitutional are set forth in my dissent in *Fox v. Employment Security Commission*, 379 Mich 579.

DETHMERS, C. J., concurred with KELLY, J.

---

* CL 1948, § 421.27n, as added by PA 1963, No 188 (Stat Ann 1963 Cum Supp § 17.529[1]).