CRUZ v CHEVROLET GREY IRON DIVISION OF GENERAL
MOTORS CORPORATION

WORKMEN'S COMPENSATION—BENEFIT REDUCTION—AGE—CONSTITU-
TIONAL LAW—EQUAL PROTECTION—REASONABLENESS.

A section of the Workmen's Compensation Act providing for a
reduction in benefits upon attaining the age of 65 is not
arbitrary, unreasonable, or capricious and did not deprive a
claimant of equal protection of the laws because, when viewing
benefits as compensation for wage loss, it is not unreasonable to
assume that the Legislature found that, upon attaining the age
of 65, a worker's level of compensation often decreased as a
result of retirement, reduction in work, or other reasons
(MCLA 418.357).

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 1 March 6, 1974, at
Detroit. (Docket No. 16679.) Decided May 29, 1974.
Leave to appeal applied for.

Claim by Victoriano Cruz against Chevrolet
Grey Iron Division of General Motors Corporation,
for workmen's compensation. Compensation
granted with reduced benefits pursuant to a sec-
tion of the Workmen's Compensation Act provid-
ing for a reduction of benefits upon reaching age
65. Plaintiff's successor appeals by leave granted.
Affirmed.

*Marston, Sachs, O'Connell, Nunn & Freid, P. C.,*
for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy*
(by *James W. Stenglein* and *Kenneth W. Kable),*
for defendant.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 281 *et seq.;* 334 *et seq.*

Before: DANHOF, P. J., and BRONSON and BOYLE,* JJ.

BRONSON, J. This is an appeal on leave granted from a decision of the Workmen's Compensation Appeal Board. Appellant challenges a section of the Workmen's Compensation Act (MCLA 418.357; MSA 17.237[357]) providing for a reduction in payments to employees over the age of 65. Appellant is contesting the board's interpretation of the statute and the constitutionality of the statute alleging a denial of equal protection.

The facts are not in dispute. On October 26, 1971, the hearing referee found that Mr. Cruz, appellant herein, had been totally disabled as a result of silico-tuberculosis caused by exposure to sand, dust, etc., during his 34 years of employment as a foundry worker, and that chapter 3, § 357 of the act was applicable. Section 357 of the Workmen's Compensation Act of 1969, being MCLA 418.357; MSA 17.237(357), reads:

"When an employee who is receiving weekly payments or is entitled to weekly payments reaches or has reached or passed the age of 65, the weekly payments for each year following his sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65, so that on his seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall be no further reduction for the duration of the employee's life. In no case shall weekly payments be reduced below the minimum weekly benefit as provided in this act."

Mr. Cruz was born in 1902, which made him 66 years of age when he was injured in 1968. The referee awarded compensation of $55.55 per week.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff appealed to the Workmen's Compensation Appeal Board, claiming that § 357 was unconstitutional because it discriminated among employees on the basis of age, or if constitutional that it was improperly applied to plaintiff-appellant.

On January 7, 1973, plaintiff died in Mexico. On behalf of his estate, counsel continued the appeal to the board.

The appeal board made no determination of constitutionality but stated in their opinion that that decision would be deferred to the courts. The board did find that if the age reduction section of the statute was constitutional, it had been properly applied to plaintiff. An error in computation by the referee was corrected by the board and that modification is not in question in this appeal.

Prior to the adoption of 1965 PA 44, predecessor of the above-quoted § 357,[1] reductions in benefits due solely to age were not permitted. The Michigan Supreme Court in *Letourneau v Davidson,* 218 Mich 334, 340; 188 NW 462 (1922), declared:

"We may take judicial notice that the earning power of a person performing manual labor is usually lessened when he reaches the age of 77 years. In Wisconsin, the act provides for a percentage reduction of compensation when the applicant reaches a certain age.[2] *City of Milwaukee v Ritzow,* 158 Wis 376; 149 NW 480; 7 NCCA 498 [1914]. The provisions of our statute by which the amount of compensation is to be determined are applicable to all ages. The amount to be awarded is in no way dependent upon the probability of a more speedy and complete recovery by a person

[1] MCLA 412.9(g); MSA 17.159(g), amended by 1969 PA 317, now MCLA 418.357; MSA 17.237(357).

[2] The present Wisconsin statutes, using a formula which begins benefit reduction at age 50, are presently found in WSA 102.44(3)(a)(b); WSA 102.53(2); and WSA 102.555(4).

young in years than by one of advanced age. It depends entirely upon the nature and extent of the disability and the wages earned. So long as the disability continues, the payments must continue, within the limits fixed by the act. Any attempt to determine that a part of the disability is due to an injury from which there has not been a recovery and a part to conditions incident to old age would be entering upon a field of speculation which we think neither the board nor this court should be at liberty to explore."

Now that statutory authority exists for benefit reduction based on age, appellant asserts that the act "arbitrarily, unreasonably and capriciously discriminates against disabled workers solely on the basis of age". The appellant contends that § 357 is unconstitutional class legislation in violation of a worker's right to equal protection guaranteed by both the Michigan and United States Constitutions.

Appellant, in support of his argument, asserts that the primary purpose of the Workmen's Compensation Act is to secure to an injured employee compensation through a charge upon the industry paid through the employer. While we do not necessarily disagree we cannot view this avowed purpose as meaning that benefits are paid solely as compensation for injury in the tort sense rather than as replacement for wage loss. Viewed as compensation for wage loss, it is not unreasonable to assume that the Legislature found that, upon attaining the age of 65, a worker's level of compensation often decreased as a result of retirement, reduction in work, or other reasons. This assumption on the part of the Legislature has been reflected in § 357. Viewed in this respect a state of facts exists which would reasonably sustain the law and appellant has failed to carry the burden

of showing that the law does not rest on *any* reasonable basis.[3]

The use of age in the statute to classify is reasonable. The Legislature did not make age on the date of injury controlling for determining the *amount* of benefits but rather made controlling for determination of amount regardless of age on the date of injury. This is clearer when contrasted with the hypothetical situation where those injured *before* attaining the age of 65 would not be subjected to a benefit reduction at age 65 and those injured *after* attaining the age of 65 would be subject to benefit reduction. We find no arbitrary, unreasonable, or capricious discrimination in § 357.

Appellant's next contention that § 357 was improperly applied has been considered and rejected in *Welch v Westran Corp,* 45 Mich App 1; 205 NW2d 828 (1973). We find no error.

Affirmed. No costs, a public question being involved.

All concurred.

---

[3] *Lindsley v Natural Carbonic Gas Co,* 220 US 61; 31 S Ct 337; 55 L Ed 369 (1911), and *Fox v Employment Security Commission,* 379 Mich 579, 598; 153 NW2d 644 (1967) (KELLY, J., dissenting).