BROWN v SAGINAW METAL CASTING PLANTS, CHEVROLET
MOTOR DIVISION, GENERAL MOTORS CORPORATION

1. Workmen's Compensation—Statute of Limitations—Tolling of
Statute—Failure to Notify of Injury—Statutes.

The tolling of the statute of limitations so that the claim of an
injured employee will not be barred is the only sanction against
an employer for failure to notify the workmen's compensation
department of the injury (MCLA 412.15; MSA 17.165, now, as
amended, MCLA 418.381[1], [2]; MSA 17.237[381(1), (2)]).

2. Workmen's Compensation—Date of Claim—Two-Year Limita-
tion—Statutes.

Statutory language limiting the payment of workmen's compensa-
tion to a period of two years prior to the date on which an
injured employee files an application with the workmen's com-
pensation department is clear and unambiguous, and an em-
ployer is not precluded from asserting the two-year limitation
where a claim is filed more than two years after the date of
injury (MCLA 412.15; MSA 17.165, now, as amended, MCLA
418.381[1], [2]; MSA 17.237[381(1), (2)]).

3. Statutes—Interpretation of Statutes.

The rule that the Court of Appeals will choose a constitutional
reading of a statute over an unconstitutional one applies only
where the statutory language is ambiguous.

4. Workmen's Compensation—Statutes—Reduction of Benefits—
Equal Protection.

A statutory provision in effect from 1965 to 1968 which reduced
workmen's compensation benefits after the age of 65 to workers
injured before reaching that age but which did not reduce
benefits to persons injured at age 65 or above lacks a rational
basis for such a classification and is therefore violative of equal
protection; the statute cannot be used to reduce the benefits
being paid to a worker who was injured during that time period

References for Points in Headnotes
[1] 82 Am Jur 2d, Workmen's Compensation § 679.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 422–495.
[3] 73 Am Jur 2d, Statutes §§ 142 *et seq.;* 194 *et seq.*
[4] 82 Am Jur 2d, Workmen's Compensation § 17.

(MCLA 412.9[g]; MSA 17.159[g], now, as amended, MCLA 418.357; MSA 17.237[357]).

Appeal from Workmen's Compensation Appeal Board. Submitted November 5, 1975, at Lansing. (Docket No. 22066.) Decided March 23, 1976. Leave to appeal applied for.

Claim by Theodore A. Brown against Saginaw Metal Casting Plants, Chevrolet Motor Division, General Motors Corporation for workmen's compensation. Benefits allowed. Plaintiff challenged a limitation on retroactive benefits and a reduction of current benefits, both of which were upheld by the Workmen's Compensation Appeal Board. Plaintiff appeals by leave granted. Affirmed in part, reversed in part, and remanded for further proceedings.

*Marston, Sachs, O'Connell, Nunn & Freid, P. C.* (by *Bernard M. Freid* and *Douglas W. Johnson*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Kenneth W. Kable*), for defendant.

Before: ALLEN, P. J., and BRONSON and R. M. MAHER, JJ.

BRONSON, J. Plaintiff, Theodore A. Brown, appeals on leave granted from a decision of the Workmen's Compensation Appeal Board. He specifically challenges the imposition of two statutory limitations on the amount of compensation awarded to him: (1) limiting plaintiff to retroactive benefits dating only two years back from the date plaintiff filed his claim, pursuant to MCLA 412.15; MSA 17.165;[1] and (2) reducing current payments

---

[1] Now, as amended, MCLA 418.381(1) and (2); MSA 17.237(381[1] and [2]).

starting at age 65 pursuant to MCLA 412.9(g); MSA 17.159(g).[2]

On October 17, 1972, the hearing referee found that Mr. Brown had been permanently and totally disabled as a result of pneumoconiosis caused by conditions in defendant's foundry, where plaintiff had worked for 21 years. On the last day of work, December 31, 1966, plaintiff was 62 years old. Plaintiff notified his employer in a timely fashion, but the employer never reported the injury to the compensation commission. A claim was finally filed by plaintiff on August 23, 1971.

MCLA 412.15; MSA 17.165 sets up various time limitations for workmen's compensation claims:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same * * * .

"In all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission.

"Whenever weekly payments are due an injured employee under this act, such payments shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed notice

[2] Now, as amended, MCLA 418.357; MSA 17.237(357).

of application for hearing and adjustment of claim with the department." (Emphasis added.)

The Michigan courts have long held that an employer's failure to report the injury, as indicated in the underscored statutory language, invokes the sanction of a tolling of the statute of limitations. See, *Norris v Chrysler Corp*, 391 Mich 469, 475; 216 NW2d 783 (1974), *Martin v White Pine Copper Co*, 378 Mich 37, 43; 142 NW2d 681 (1966). Plaintiff wishes us now to impose the additional sanction of precluding the employer from asserting the two-year-back limitation. We refuse to do so.

We hold that the *only* sanction for failure to notify the Workmen's Compensation Department is the tolling of the statute of limitations. We think that the statutory language is clear and unambiguous. The second paragraph was added by amendment in 1965, and the Legislature could have expressly imposed the sanction proposed by plaintiff here. They did not do so, nor has our Supreme Court done so in any case. A fair reading of the statute would indicate that it imposes a duty upon the employee to timely file his claim as a *quid pro quo* for the imposition of the duty upon the employer to report the injury to the department. We will not read the suggested limitations into that statutory duty.

Plaintiff's second claim is that MCLA 412.9(g); MSA 17.159(g), as interpreted by the courts of this state, violates the equal protection clauses of both the Michigan and United States Constitutions. Defendant agrees, but argues that the prior cases need not be followed, and that a reasonable interpretation consistent with the principles of equal protection can be found. We think that the statute is clear and unambiguous, and does violate a worker's right to equal protection of the law.

In 1965, the Michigan Legislature first enacted a provision reducing benefits for an injured worker after he reached the age of 65, MCLA 412.9(g); MSA 17.159(g). That section of the statute provided as follows:

"When an employee *who is receiving weekly payments or is entitled to weekly payments reaches the age of 65,* the weekly payments for each year following his sixty-fifth birthday shall be reduced by 5% of the weekly payment paid or payable at age 65, but not to less than 50% of the weekly benefit paid or payable at age 65; so that on his seventy-fifth birthday the weekly payments shall have been reduced by 50%; after which there shall be no further reduction for the duration of the employee's life. In no case shall weekly payments be reduced below the minimum weekly benefit as provided in this act." (Emphasis added.)

The language in the underscored portion of the statute is quite clear. It does not apply to a person injured subsequent to his sixty-fifth birthday, for that person is not "receiving" or "entitled" to receive benefits at the time he reaches the age of 65. That reading of the statute was sustained in *Welch v Westran Corp,* 45 Mich App 1; 205 NW2d 828 (1973), *aff'd by equally divided court on other grounds,* 395 Mich 169; 235 NW2d 545 (1975). While it is true that we will choose a constitutional reading of a statute over an unconstitutional one, that rule has application only where the language is ambiguous.

In 1968, the statute was amended to read as defendant wishes it had read prior to that time— the reduction of benefits formula was applied to a person entitled to benefits who " * * * reaches or has reached or passed the age of 65 * * * ", MCLA 418.357; MSA 17.237 (357). In *Cruz v Chevrolet Grey Iron Division of General Motors Corp.*

53 Mich App 472; 220 NW2d 178 (1974), *leave granted,* 392 Mich 808 (1974), this Court sustained that new version of the statute against a claim that it violated a worker's right to equal protection. However, this author expressly distinguished the situation where the age on the date of injury is controlling, as in the 1965–1968 version of the statute. We now hold that the earlier version does violate the principles of equal protection.

The benefits paid through workmen's compensation are to be viewed at least in part as compensation for wage loss. As we indicated in *Cruz,* it is perfectly reasonable for the Legislature to decrease benefits starting at the age of 65, when a worker's level of compensation often decreases due to retirement or other reasons. However, under the 1965–1968 version of the statute, a workman injured at the age of 64 has his benefits reduced by 50% by the age of 75, while there is no reduction whatsoever in the benefits paid to a person injured at age 65. Such a classification lacks a rational basis.

It is true that the very fact that a person over 65 is working when injured rebuts the assumption that he will retire at that age. However, such evidence would serve only as a rational basis for *initially* treating these two classes of persons differently. It is not reasonable to further assume that a person working at the age of 65 will *never* retire, so as to justify continuation of full benefits until his death, whether death occurs at age 65 or age 100. Consequently, we hold that the reduction provision in effect from 1965 to 1968 arbitrarily and unreasonably discriminates against workers solely on the basis of age, and cannot be properly applied to workers injured during that time period, including plaintiff.

Reversed and remanded for actions not inconsistent with this opinion.