## ROY v RAU TAVERN, INC

Docket No. 98551. Submitted February 9, 1988, at Grand Rapids. Decided April 5, 1988.

Louis J. and Joanne M. Roy brought a dramshop action in Ogemaw Circuit Court against Rau Tavern, Inc., and Hansen House Ltd. following the death of their son, Jon P. Roy. Plaintiffs sought recovery for the loss of their son's love, society, companionship and services. Defendants moved for summary disposition, contending that plaintiffs had failed to state a claim upon which relief can be granted in view of a 1986 amendment to the dramshop act which precludes an alleged visibly intoxicated person, such as the decedent in this case, from maintaining an action under the dramshop act, or members of his family, such as plaintiffs, from maintaining a dramshop action for loss of financial support, love, society or companionship. The trial court, Carl L. Horn, J., granted the motion and dismissed the action. Plaintiffs appealed, claiming that the amendment violates the equal protection and due process guarantees of the United States and Michigan Constitutions since parents of innocent victims are not similarly precluded from maintaining an action.

The Court of Appeals *held:*

1. The amendment does not deny plaintiffs the equal protection of the laws. The amendment was designed to deal with the numerous cases which were creating a liability crisis for tavern and restaurant owners. Barring family members of a visibly intoxicated person from maintaining suit was one way in which this crisis could be lessened. The amendment was not arbitrary

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 561, 580.

Liability of persons furnishing intoxicating liquor for injury to or death of consumer, outside coverage of civil damage acts. 98 ALR3d 1230.

Liability of liquor furnisher under civil damage or dramshop act for injury or death of intoxicated person from wrongful act of third person. 65 ALR2d 923..

See also the annotations in the Index to Annotations under Dramshop Acts.

and it was rationally related to a legitimate governmental interest.

2. The amendment did not deny plaintiffs a cause of action without due process of law. The amendment, enacted pursuant to the state's police powers, bears a reasonable relation to a permissible legislative objective of easing the dramshop liability crisis.

Affirmed.

INTOXICATING LIQUORS — DRAMSHOP ACT — EQUAL PROTECTION — DUE PROCESS.

The preclusion, under an amendment to the dramshop act, of dramshop actions by an alleged visibly intoxicated person or by any person for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person is not violative of either the equal protection or due process guarantees of the United States and Michigan Constitutions (US Const, Am XIV; Const 1963, art 1, §§ 2, 17; MCL 436.22[10]; MSA 18.993[10]).

*Sperry & Dinse, P.C.* (by *Michael J. Matuzak*), for plaintiffs.

*Edward H. Crawford,* for Rau Tavern, Inc.

*James I. Sullivan, P.C.* (by *James I. Sullivan*), for Hansen House Ltd.

Before: CYNAR, P.J., and WEAVER and R. M. PAJTAS,* JJ.

CYNAR, P.J. Plaintiffs, Louis J. and Joanne M. Roy, appeal as of right from the January 29, 1987, order granting defendants' motions for summary disposition and dismissing plaintiffs' complaint for failing to state a claim upon which relief can be granted. MCR 2.116(C)(8). We affirm.

Plaintiffs commenced the instant action seeking to recover for the loss of their twenty-three-year-old son, Jon P. Roy, who had been killed in a motorcycle accident on August 21, 1986. In their

---

* Circuit judge, sitting on the Court of Appeals by assignment.

complaint, plaintiffs alleged that defendants had served their son alcohol contrary to Michigan's dramshop act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.* Specifically, plaintiffs alleged that, as a direct and proximate result of the death of their son, they had been deprived of their son's love, society, companionship and services.

On December 2, 1986, defendants moved for summary disposition on the basis that plaintiffs' claim was barred by a recently enacted amendment to the dramshop act, MCL 436.22(10); MSA 18.993(10). The amendment took effect on July 7, 1986, approximately 1½ months before the accident. The amendment provides that a visibly intoxicated person or members of his family are precluded from maintaining a cause of action for loss of financial support, love, society or companionship.

Plaintiffs opposed the motion arguing that the amendment to the statute should be declared unconstitutional on the basis that it constitutes a denial of equal protection because it treats parents of an innocent victim differently from parents of a noninnocent victim. In addition, plaintiffs claimed that the amendment denied them due process of law.

The hearing on defendants' motion took place on January 29, 1987. The trial judge ruled from the bench and found that plaintiffs' claim was barred by the recent amendment to the dramshop act. The court's ruling was incorporated into a January 29, 1987, order dismissing plaintiffs' complaint. The instant appeal followed.

The sole issue before the Court is whether the amendment to the dramshop act, which denies recovery to certain persons, violates equal protection and due process guarantees of the United States and Michigan Constitutions. Plaintiffs' com-

plaint was dismissed for failure to state a claim upon which relief can be granted. A motion for summary disposition pursuant to MCR 2.116(C)(8) tests only the legal sufficiency of the pleadings. The court must accept as true all well-pled factual allegations as well as any conclusions which can reasonably be drawn therefrom. The court may grant the motion only when the claim, on the pleadings alone, is so clearly unenforceable as a matter of law that no factual development could possibly justify the right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), reh den 419 Mich 1201 (1984), cert den sub nom *E R Squibb & Sons, Inc v Abel,* 469 US 833; 105 S Ct 123; 83 L Ed 2d 65 (1984); *Stewart v Isbell,* 155 Mich App 65, 74; 399 NW2d 440 (1986).

The Michigan Constitution secures the same right of equal protection (Const 1963, art 1, § 2) and due process (Const 1963, art 1, § 17) as does the United States Constitution (US Const, Am XIV). *Fox v Employment Security Comm,* 379 Mich 579, 588; 153 NW2d 644 (1967). In 1986, the Michigan Legislature passed several amendments to the dramshop act. One of these amendments addressed who could properly maintain an action for injuries caused by furnishing liquor to a minor or a visibly intoxicated person. The amendment now provides:

> Except as otherwise provided in this section, an individual who suffers damage or is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of that individual, shall have a right of action in his or her name against the person who by selling,

giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury, or death. In an action pursuant to this section, the plaintiff shall have the right to recover actual damages in a sum of not less than $50.00 in each case in which the court or jury determines that intoxication was a proximate cause of the damage, injury, or death. [MCL 436.22(4); MSA 18.993(4).]

While providing for who may maintain an action under the dramshop act, the Legislature also specifically excluded certain individuals from being able to sue under the act in MCL 436.22(10); MSA 18.993(10), which provides:

The alleged visibly intoxicated person shall not have a cause of action pursuant to this section nor shall any person have a cause of action pursuant to this section for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person.

Plaintiffs' complaint falls squarely within this section since they, as parents of the alleged visibly intoxicated person, filed suit seeking damages for loss of financial support, love, society, etc., due to the death of their son. Plaintiffs contend that the above amendment denies parents of an alleged visibly intoxicated person a cause of action, while parents of a person harmed by the visibly intoxicated person still have a cause of action. Plaintiffs maintain that such a classification constitutes a denial of equal protection. We disagree.

In *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668; 232 NW2d 636 (1975), our Supreme Court set forth a two-tiered approach to equal protection cases:

> If the interest is "fundamental" or the classifica-
> tion "suspect," the court applies a "strict scrutiny"
> test requiring the state to show a "compelling"
> interest which justifies the classification. Rarely
> have courts sustained legislation subjected to this
> standard of review.
>
> Other legislation, principally social and eco-
> nomic, is subjected to review under the traditional
> equal protection test. The burden is on the person
> challenging the classification to show that it is
> without reasonable justification. It has been said
> that "[a] statutory discrimination will not be set
> aside if any state of facts reasonably may be
> conceived to justify it." A classification will stand
> unless it is shown to be "essentially arbitrary."
> Few statutes have been found so wanting in "ra-
> tionality" as to fail to satisfy the "essentially
> arbitrary" test.

Under traditional equal protection analysis, a leg-
islative classification will be upheld if the classifi-
cation itself is rationally related to a legitimate
governmental interest. *Shavers v Attorney Gen-
eral,* 402 Mich 554, 613; 267 NW2d 72 (1978), cert
den sub nom *Allstate Ins Co v Kelley,* 442 US 934
(1979), after remand 412 Mich 1105 (1982). In
applying this test, the challenged legislative judg-
ment is accorded a presumption of constitutional-
ity. *Michigan Canners & Freezers Ass'n, Inc v
Agricultural Marketing & Bargaining Bd,* 397
Mich 337, 343-344; 245 NW2d 1 (1976). This pre-
sumption of constitutionality means that the
court's inquiry "must be restricted to the issue
whether any state of facts either known or which
could reasonably be assumed affords support for
it." *Shavers, supra,* pp 613-614, quoting from
*United States v Carolene Products Co,* 304 US 144,
154; 58 S Ct 778; 82 L Ed 1234 (1938).

In our case, the amendment does not deny plain-
tiffs the equal protection of the laws. The amend-

ment was designed to deal with the numerous cases which were creating a liability crisis for tavern and restaurant owners. Barring family members of a visibly intoxicated person from maintaining suit was one way in which this crisis could be lessened. We cannot conclude that this classification was arbitrary. It was rationally related to a legitimate governmental interest.

We also reject plaintiffs' argument that we should apply a somewhat heightened scrutiny analysis as was done in *Manistee, supra.* In *Goss v Richmond,* 146 Mich App 610, 614; 381 NW2d 776 (1985), this Court addressed this very issue and noted:

> Plaintiff cites *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1979), to support his claim that the classification system used "must bear a substantial and rational relation to the statute's purpose." His reliance on *McGowan* is misplaced. Unlike the guest passenger statute under scrutiny in *McGowan,* the dramshop act does not create a discrete exception to a general rule. Rather, the dramshop act creates the general rule by providing certain persons a remedy which was not available at common law. See *Lucido v Apollo Lanes & Bar, Inc,* 123 Mich App 267; 333 NW2d 246 (1983).

Similarly, we decline to apply a heightened scrutiny analysis to our case.

Plaintiffs also argue that they have been denied a cause of action without due process of law. This contention is also without merit. The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective. *Shavers, supra,* p

612. As we noted earlier, the challenged amendment is not arbitrary and there is a reasonable relationship between the amendment and the legislative goal of easing the dramshop liability crisis. Therefore, since plaintiffs' complaint fell within the challenged amendment, the trial court properly dismissed it.

Affirmed.